CITY OF WILMINGTON v. M. CRONLY et al.

PLAINTIFF'S APPEAL.

(Decided April 26, 1898.)

*Action to Recover Delinquent Taxes—Delinquent Taxes —Statute of Limitations—Interest—Repeal of Statute.*

1. No statute of limitations runs against the sovereign unless it is expressly so provided therein; hence, where an Act authorizing the collection of arrearages of taxes for past years does not prescribe any limitation, the ten years statute of limitations does not apply, and the unpaid taxes for any year can be recovered.

2. Under Chapter 182, Acts of 1895, authorizing the collection of delinquent taxes, interest and penalties, no rate of interest being fixed therein, only 6 per cent. interest per annum can be recovered.

3. An action pending to recover arrearages of taxes, brought under Chapter 182, Acts of 1895, authorizing the collection of unpaid taxes for past years, is not affected by the repeal of such statute, since Section 3764 of *The Code* provides that the repeal of a statute shall not affect any action brought before such repeal for any forfeiture incurred or for the recovery of any rights accruing under such statute. (FAIRCLOTH, C. J., and FURCHES, J., dissent.).

CIVIL ACTION to recover delinquent taxes due to the City of Wilmington, instituted 28th August, 1896, and tried before *McIver, J.*, and a jury at January Term, 1897, of NEW HANOVER Superior Court.   The facts are stated in the report of the defendant's appeal, ante, page 383.   On the trial, his Honor instructed the jury that the plaintiff could not recover for taxes due more than ten years prior to the bringing of the action, or a greater rate of interest on the unpaid taxes than 6 per cent. per annum.   To such instructions the plaintiff excepted and appealed from the judgment rendered.

*Messrs. George Rountree, Herbert McClammy* and *Ricaud & Bryan* for plaintiff (appellant).
*Messrs. Thomas W. Strange* and *J. D. Bellamy* for defendants.

CLARK, J.:   The facts are stated in the opinion in the defendant's appeal in this case.   Only two exceptions are presented in this appeal :

1. The Court refused to permit the collection of unpaid taxes for any year more than ten years before the bringing of this action.   This was error, as stated in the opinion in the defendant's appeal. *Jones* v. *Arrington*, 94 N. C., 541. No statute of limitations runs against the sovereign unless it is expressly named therein.   This is immemorial law, based on reasons of public policy, which has been observed by all governments.

2. The second exception is that the Court did not allow 10 per cent. interest, which was allowed the city on delinquent taxes by the Act of 1859, nor 8 per cent. as authorized by the Act of 1876-7, but those statutes only allowed collection of arrearages for three years, and besides they have been abrogated by the subsequent charter of the city. The present statute is not a re-enactment of that clause of the charter of 1859, nor of that clause of the Act of 1876-7, nor is it a mere removal of the statute of limitations from the right given by those repealed statutes, but it is an independent statute, in the exercise of the sovereign power, authorizing in the mode therein pointed out the collection, by the State, county and city, of the public dues of those who have evaded payment thereof. Such power is inherent, is just, and its exercise is authorized by a long series of statutes and decisions, as shown in the opinion in the defendant's appeal herein.

The right to collect these arrearages of taxes exists solely by virtue of the Act of 1895, the former Act having been repealed, besides the right therein given has expired by its terms, and the measure of such collection, prescribed by the Act of 1895, is the amount of "delinquent taxes, interest and penalties." The word "interest", standing alone in the Act without naming the rate, means 6 per cent., and his Honor committed no error in thus restricting the recovery.

The defendant moved in this Court, for the first time, to dismiss the plaintiff's appeal, because (unlike the taxes covered by defendant's appeal) no judgment had been obtained and the statute had been repealed, since the trial, by Chapter 517 of the Acts of 1897, ratified on the 9th March, 1897. But *The Code*, Section 3764, provides "the repeal of a statute shall not affect any action

brought before the repeal for any forfeiture incurred or for the recovery of any rights accruing under such statute." Here, the action, having been brought before the repealing statute was enacted, is plainly not affected by it. If the Legislature had meant otherwise, it would have inserted, as it always does when such is the intent, the words "and this shall apply to pending suits." Not having done so, this action falls under the protection of the general law that a repealing statute does not affect suits already brought. In *Wikel* v. *Commissioners*, 120 N. C., 451, the plaintiff had no accrued interest except as to costs, and it was held that he could not be deprived of that by the repealing statute. The defendant argued strenuously that the right to collect back taxes accrued under the Acts of 1859 and 1876, and that the Act of 1895 merely removed the bar of the statute of limitations. If this were true it could not alter the fact that the action had already been brought on a right accrued under the Act of 1895, when the repealing statute was passed, independently of whether it was a former right renewed by the Act of 1895, or was an independent right conferred by the Act of 1895. In fact, however, it is the latter, for as we said in *Jones* v. *Arrington*, 91 N. C., 125 (at p. 130), an Act to collect arrearages of taxes is "not an enactment that attempts to revive a demand that has been barred by the statute of limitations, which would be repugnant to the Constitution of the United States, as was recently declared in *Whitehurst* v. *Dey*, 90 N. C., 542." The Act of 1895 is the Act of the sovereign directing the collection of taxes for the years in which the delinquent's property has not paid its quota, as required by law, to the support of the public burdens and providing procedure by which that quota may be ascertained, giving the alleged delinquents

a hearing, and providing further that the total amount of the delinquency so ascertained may be declared a lien on the property which the defendant had at its passage, and that it may be sold as under foreclosure. Thus no question under this statute can arise as to liens for taxes upon property which the delinquent has sold off before the passage of the Act.

The same right to collect arrearages of taxes is generally recognized. "Unless there be some constitutional restriction the Legislature may authorize a municipality to levy and collect retrospective taxes, and for this purpose use the assessment roll of a previous year." *2 Dil. Mun. Corp.*, (4th Ed.), Sec. 751. There is no hardship in this proceeding. It is essentially just. It merely compels tax payers who have evaded their share of the public burdens to fulfill their duty, and to that extent relieve those who have faithfully borne the heat and burdens of the day and will discourage like evasions in the future. The Legislature in repealing the Act of 1895 did not think proper to make the repeal apply to "actions already brought," and the courts cannot do it even if there had been any equity in doing so. The only inequality that can be complained of is that the repealing statute protects to that extent the delinquents against whom no action had been instituted. In sustaining the statute of limitations, there was

Error.

FAIRCLOTH, C. J., dissenting: Facts: The charter of the city of Wilmington, Private Acts 1858-9, Chapter 198, Section 3, allowing taxes to be laid, provides that "No sale of land for any taxes shall be made sooner than three months after such taxes have been laid or imposed, or later than three years thereafter. The Act

of 1895, Chapter 182, Section 1, provides "for the enforcement and collection of all claims in favor of said State, county and city for delinquent taxes against any person or property, whose names appear delinquent on the tax books or list of said city or county."

An action had been commenced against the defendant under said Act for delinquent taxes, and was pending when the Act of 1897, Chapter 517, repealed said Act of 1895, Chapter 182, without any limitation or reservation of rights. So, it is this way : The remedy for collecting delinquent taxes was lost by the lapse of time, when the Act of 1895 restored the remedy for collecting all delinquent taxes, and before they were collected or any judgment for them had been rendered, the Act of 1897 repealed unconditionally the Act of 1895.

*The Code*, Section 3764, is in these words : "The repeal of a statute shall not affect any action brought before the repeal, for any forfeitures incurred, or for the recovery of *any rights accruing under said statute.*"

The Act of 1895, by its terms, "looked backward" very far, in the language of Edward Bellamy, but assuming that the State in its sovereignty could authorize the collection of delinquent taxes to any period, I assume that the State also could withdraw its authority to collect taxes, which had become uncollectable by lapse of time, provided it did not violate any provision of the organic law or interfere with any vested rights, which had vested in the meantime. Between the Acts of 1895 and 1897, I do not see any accrued rights between the plaintiff and defendant. Their relations remained as before. No contract was made, no obligations assumed by defendant, and no consideration was paid by plaintiff for the right to enforce its claim   The plaintiff only acquired the privilege of collecting under the Act of 1895,

which the Legislature extended to it, which the State could withdraw, as it did by the Act of 1897, without infringing on any vested right. The plaintiff had only the hope of collecting that which it had lost by its own laches in former years, and was trying to do so when the Assembly changed its mind in reference to these back taxes. I do not look into the equity of the matter in such a case. That is the province of the Legislature in enacting and repealing Acts in these matters of taxation. I feel bound to confine myself to the will of the Legislature plainly expressed. That body did not undertake to give a new cause of action by the Act of 1895. The plaintiff's cause of action was the non-payment of the taxes found on the tax list, and its remedy was under the Act of 1895, until it was repealed by the changed will of the Legislature in 1897.

In *Wilson* v. *Jenkins*, 72 N. C., 5, Pearson, C. J., in considering the effect of repealing an Act whilst an action was pending on the subject, said : "We are unable to see any principle upon which that circumstance can make a difference. He acquired no right of property, nor did he ever acquire a lien by the pending of his action to any money in the treasury. He had not changed his condition . . . . . or surrendered any right. All that he had complained of is that the people have seen proper to amend the Constitution, and in accordance thereto the General Assembly has repealed the Act of 1868, under which he had hoped to have his coupon satisfied."

The plaintiff, however, falls back on *The Code*, Section 3764, cited above. That refers to any *rights accruing under such statute.* No right accrued under the Act of 1895. It was only the remedy, given and taken away before he had acquired any lien on anything. It was a

disappointed expectation, taken away by the will of the Legislature.  This opinion applies to all the appeals in which no judgment was entered before the repealing Act of 1897.

FURCHES, J.: I concur in the dissenting opinion.