W. F. DYER v. D. R. ELLINGTON, W. S. WILLIAMS and J. M. HOPPER.

(Decided June 9, 1900.)

*Suit for Penalty, The Code, Section 3816—Legislative Remission, Pendente Lite, Acts 1899, Chaper 349—Right of Informer.*

1. An informer has, in a certain sense, an inchoate right when he brings his suit, but he has no *vested* right to the penalty until judgment.

2. Until his right becomes vested, it can be destroyed by the Legislature.

This was a civil action tried before his Honor *Thomas J. Shaw,* at August term, of the Superior Court of ROCKINGHAM County, 1899, brought before a Justice of the Peace in Leaksville Township, for the purpose of recovering a penalty of $100 against the defendants named in the caption, for failure, as Commissioners of the town of Leaksville, to publish, as required by sec. 3816, of The Code, a statement of taxes levied and collected in said town, together with a statement of the amounts expended by them, and for what purpose, during the year 1897, and by due appeal was brought to the Superior Court, where a trial by jury was waived, and, by consent, his Honor found the facts which appear in the judgment.

Upon the facts found, the defendants moved for judgment, and the motion was disallowed, and his Honor rendered the following judgment:

This cause coming on to be tried before *Shaw, J.,* a jury trial having been waived, by consent of the plaintiff and defendants, the Court finds the following facts:

1. That the town of Leaksville, in Rockingham County,

was, on the 1st day of May, 1897, a municipal corporation, having been duly incorporated by the General Assembly of North Carolina, at its session of 1873-1874, chap. 133, Private Laws.

3. That on the first Monday in May, 1897, the defendants were duly elected as Commissioners for said town, and on the 5th day of May, 1897, were duly qualified as such, and at once entered upon the discharge of their duties; and that their said term of office ended on the .. day of May, 1898.

3. That the defendants, during their term of office, as aforesaid, levied and collected taxes in and for the said town of Leaksville, and disbursed the same.

4. That the defendants did not publish, as required by sec. 3816, of The Code, a statement of the taxes levied and collected in said town during their said term of office, nor did they publish any statement of the amount expended by them and for what purpose, during their said term, as provided by law.

5. That on the 8th day of February, 1899, the plaintiff instituted this action against the defendants to recover the penalty of one hundred dollars ($100) as provided by sec. 3816, of The Code.

6. That while said action was pending in the court of the Justice of the Peace, before whom it was brought, and before it was tried, the General Assembly of North Carolina, on the 28th day of February, 1899, passed an act entitled "An Act for the Relief of the Commissioners of the Town of Leaksville, in Rockingham County, North Carolina," which said act, as contained in chap. 349, Public Laws of 1899, is hereby referred to, and is made a part of this finding of fact.

7. That this was the only action pending against the defendants at the time of the passage of the aforesaid act, and no other action had been brought by any person to recover the

penalty sued for in this action.    This fact found upon admission of counsel upon the trial.

Upon the foregoing facts it is adjudged by the Court that the plaintiff recover of the defendants D. R. Ellington, W. S. Williams and J. M. Hopper the sum of one hundred dollars ($100), and interest on the same from the 29th day of February, 1899, until paid, and the costs of this action, as a penalty for their failure, as Commissioners of the town of Leaksville, to publish, as provided by law, an annual statement of the receipts and disbursements for the year 1879.

The defendants appeal, and make the following assignment of error:

1. The plaintiff had no standing in court upon the facts, his action being against the defendants individually, and if entitled to sue at all, his action should have been against the town of Leaksville or the Board of Commissioners of the town of Leaksville.

2. The defendants were protected, and the plaintiff deprived of his right of action by reason of the Act of the General Assembly, being entitled "An Act for the Relief of the Commissioners of the town of Leaksville, in Rockingham County, North Carolina," Acts of 1899, chap. 349.

*Messrs. Scott & Reid,* and *Glenn & Manly,* for appellants.
*Mr. J. D. Pannill,* for appellee.

DOUGLAS, J.    The act referred to in the case on appeal is as follows:  "An act for the relief of the Commissioners of the town of Leaksville, Rockingham County:  Whereas, the Commissioners of the town of Leaksville, in Rockingham County, North Carolina, by an oversight, failed to make an exhibit of the taxes collected and expenditures as required by The Code, sec. 3816, and whereas certain parties have sued

said Commissioners for such failure, therefore the General Assembly of North Carolina do enact: Section 1. That the Commissioners of the town of Leaksville, in Rockingham County, N. C., be and the same are hereby released from any and all penalties that may attach to them for failure to make such exhibit. Section 2. That this act shall be in force from and after its ratification."

This act was ratified on February 28, 1899. It does not repeal sec. 3816, of The Code, either generally or locally, nor pretend to repeal it even as far as the town of Leaksville is concerned. It is simply what it professes to be upon its face —an act of amnesty or pardon to the Commissioners of the town of Leaksville for their failure to make an exhibit of taxes and expenditures for the particular year for which they had been sued. It is true the act is very loosely drawn, specifying neither the names of the persons nor the year of their default, and yet it seems plain to us to whom and to what the act was intended to apply. If there had been pending suits against different Boards or for different defaults, the ambiguity might have been fatal; but there is no suggestion of any such ambiguity, whatever difference of opinion there might be as to the application of The Code. Whatever doubts we may have as to the propriety of the act or its probable effect, had it related to a criminal prosecution, we are not called on to express. The Code, sec. 3764, provides that "the repeal of a statute shall not affect any action brought before the repeal, for any forfeitures incurred, or for the recovery of any rights accruing under such statute." This provision has been held good in *Epps v. Smith,* 121 N. C, 157, but does not apply to the case at bar, as here we have no repeal, but an absolute and express remission of the penalty. An informer has no natural right to the penalty, but only such right as is given to him by the strict letter of the statute. It is not

such a right as is intended to be protected by the act, but is one created by the act. He has in a certain sense an inchoate right when he brings his suit, that is, the bringing of the suit designates him as the man thereafter exclusively entitled to sue for that particular penalty; but he has no *vested* right to the penalty until judgment. Until it becomes vested, we think it can be destroyed by the Legislature. *Wilmington v. Cronly,* 122 N. C., 388. As the laws of one Legislature do not bind another, except in so far as they may be absolute contracts, we must take sec. 3764, of The Code, as merely a rule of construction having no application where the intention of the Legislature clearly and explicitly appears to the contrary. A statute providing a penalty creates no contract between the State and the common informer, even if he acts under the permission given him to sue. It is true he may thus lose the costs and expenses of his action, but if he engages in a speculation from which he expects large profits from a small investment, he can not complain much at the loss of his stake. If the penalty had been reduced to judgment, or had been given to the injured party in the nature of liquidated damages, the case would be essentially different. But we are not now deciding what is not before us. Sufficient unto the day is the evil thereof. As this case comes before us on findings of fact by the Judge, and as it appears to us that the cause of action was destroyed by the Act of the Legislature before it became vested, the judgment of the Court below must be

Reversed.