BRAY v. WILLIAMS.

(Filed February 21, 1905).

*Release by Legislative Act—Constitutionality of Act—Penalty—Estoppel—Costs.*

1. An act of the Legislature relieving the defendant from a statutory penalty, passed after an action was brought to recover the penalty but before judgment, is constitutional.

2. Evidence offered to show the conduct of the defendant in procuring the preparation, introduction and passage of an act of the Legislature for his relief, was properly excluded, as the defendant, on that account, was not estopped from availing himself of its benefits.

3. There is no duty imposed upon the defendant or the General Assembly to notify the plaintiff, in a pending action to recover a penalty, of the introduction of a bill to relieve the defendant of said penalty.

4. In an action to recover a penalty, the plaintiff is not entitled to the costs that accrued prior to the passage of an act which destroyed the cause of action.

ACTION of State on relation of W. H. Bray against George W. Williams and others, heard by *Judge E. B. Jones* and a jury, at Fall Term, 1904, of the Superior Court of CURRITUCK County.

This action was instituted for the recovery of $12,800 alleged to be due the plaintiff by the defendant, register of deeds of Currituck County, by reason of his failure to comply with the provisions of sections 1818 and 1819 of The Code. By the first of these sections the register is required to make a record of marriage licenses and returns thereto. For failing to make such entry within ten days after the return of the license, he forfeits a penalty of $200 "to any person who shall sue for the same." The plaintiff alleged that the defendant failed to make entry of fifty-nine marriage

licenses and the returns thereon within the time prescribed. The defendant, among other defenses, pleaded specially an act of the General Assembly ratified on the 12th day of February, 1903, entitled "An act for the relief of G. W. Williams, register of deeds of Currituck County." The terms of the act are: "Whereas, G. W. Williams, who was register of deeds of Currituck County, N. C., for the term ending December, 1902, and is now serving as such by re-election, during his term of office now expired, by inadvertence and oversight failed to record the marriage licenses issued by him within ten days as required by section 1819 of The Code, and may have failed in other respects to comply strictly with sections 1818 and 1819 of said Code, and by such failures and omissions incurred the penalties prescribed by said sections; and whereas, said Williams carefully filed and preserved in his office such licenses and recorded the same during each year in a book furnished him for that purpose by the commissioners of said county, and no harm has come to any one because of any such failure and omission; and whereas, action has been brought by W. H. Bray against said Williams and his sureties to recover of them the penalties prescribed by said sections, aggregating a large sum, which action is now pending in the Superior Court of Currituck County, but in which no judgment has been rendered; therefore,

*"The General Assembly of North Carolina do enact:*

"SECTION 1. That G. W. Williams and his sureties on his official bond for the term ending December, 1902, and each of them, be and they are hereby released and discharged from any and all penalties imposed by said sections for failure to comply with the provisions of said sections and any amendments to the same during the term of said Williams now expired.

"SEC. 2. That this act shall be in force from and after its ratification, and shall apply to actions now pending and which may be brought to enforce such penalties."

This action was instituted on November 18, 1902. The plaintiff introduced testimony tending to show that the defendant failed to enter the licenses, etc., within ten days. The defendant introduced the statute and rested.

The plaintiff proposed to show by the representative from said county in the General Assembly at the session of 1903 that the statute was prepared by the defendant's attorney and given to the witness, the agreement being that it was to be introduced and passed through its several readings, if possible, on the same day and sent to the Senate and passed on the following day; that the plaintiff should have no time to be heard, and that the statute was passed in accordance with the agreement. Upon defendant's objection the testimony was excluded and plaintiff excepted. Judgment for defendant, to which plaintiff excepted and appealed.

*E. F. Aydlett* and *Shepherd & Shepherd,* for the plaintiff.
*Pruden & Pruden* and *A. M. Simmons,* for the defendants.

CONNOR, J., after stating the case. The learned counsel for the plaintiff concede that the validity of the statute of 1903 may not be called into question collaterally, and that the testimony offered was not competent for such purpose. They say, however, that the purpose of the proposed testimony was to show that by reason of the conduct of the defendant in procuring its introduction and passage, he is estopped from pleading its provision or availing himself of its benefits. For this proposition they cite Bigelow on Estoppel, 689. Mr. Bigelow, referring to the case in which it is held that persons who have procured the passage of an act of the Legislature, under which they have acted and obtained

benefits, are estopped to show that the statute is unconstitutional, says that it is "a remarkable case and to be received with hesitation." *Ferguson v. Landram,* 5 Bush. (Ky.), 230. It must be conceded that cases may be found in which it is held that parties are estopped from averring the unconstitutionality of a statute after accepting and appropriating the benefits conferred by it. They are, however, of very narrow scope and application. The general rule is otherwise. While not in all respects in point, the language of *Bradley, J.,* in *Ottawa v. Perkins,* 94 U. S., 260, states the general principle: "That which purports to be a law of a State is a law, or it is not a law according as the truth of the fact may be, and not according to the shifting circumstances of the parties. It would be an intolerable state of things if a document purporting to be an act of the Legislature could thus be a law in one case and for one party, and not a law in another case and for another party; a law to-day and not a law to-morrow."

Without undertaking to review the authorities, we are of the opinion that the case before us does not come within the principle upon which the cases cited by Mr. Bigelow are based. There was no misrepresentation of any fact to the General Assembly, nor was the act, so far as the record shows, passed in violation of any constitutional provision. It has been frequently held that, except in the case of bills coming within the provisions of section 14, Article II, this Court will not hear testimony for the purpose of showing that the notice required by the Constitution, section 12, Article II, was not given. *Brodnax v. Groom,* 64 N. C., 244; *Gatlin v. Tarboro,* 78 N. C., 119; *Wilson v. Markley,* 133 N. C., 616. It is always within the power of either branch of the General Assembly to suspend its rules and pass ordinary bills through their several readings on the same day. Unless objection is made it is usual to do so. The fact proposed to be shown that the member introducing the bill agreed that the plaintiff

should not be notified, was a matter between him and his constituents. There was no duty imposed upon the defendant or the General Assembly to notify the plaintiff. The testimony was properly rejected.

The effect of the statute upon the plaintiff's right to proceed with his action was considered and settled by this Court in *Dyer v. Ellington,* 126 N. C., 941. We can add nothing to what was said in that case by *Mr. Justice Douglas.* The question is discussed and the authorities reviewed in an able argument by *Mr. Chase* in *Norris v. Crocker,* 54 U. S., 429.

It is suggested that the act violates section 7, Article I of the Constitution. Such legislation is not in harmony with the genius of our Constitution, but we find no express provision prohibiting the General Assembly from passing such statutes. In *Dyer v. Ellington, supra,* this Court upheld an act substantially like the one before us. The defendant presented a hard case to the General Assembly. That it should have given the relief is not surprising.

The plaintiff contends that, in any point of view, he is entitled to the costs which accrued prior to the passage of the act. We find no direct authority upon the question. The language of *Mr. Justice Douglas* in *Dyer v. Ellington, supra,* indicates an opinion against the plaintiff's contention. The act makes no reference to costs. The recovery of costs is regulated by statute. The plaintiff brought his suit, knowing that the Legislature had the power to destroy his cause of action at any time before judgment. He took chances and must abide the result. The judgment must be

Affirmed.