CALDWELL LAND AND LUMBER COMPANY v. JOHN M. SMITH.

(Filed 27 November, 1907).

1. Taxes, Unlisted—Notice—Collection—"Due Process"—Revisal, sec. 5232—Constitutional Law.

Proceedings for the assessment, collection and enforcement of taxes are *quasi* judicial and have the effect of a judgment and execution, and come within the "due-process clause" of the Constitution, Art. I, sec. 17. While the Legislature has the constitutional right to provide for the listing, assessing and taxing of personal property omitted to be listed, as the law requires of the owner, for five or more preceding years, an opportunity must be given by notice to the taxpayer, permitting him to be heard before the board of assessors or the tribunal having the power to list and assess such property, or before the courts of the State in some appropriate proceeding, before the assessment can be conclusive.

2. Same—Parties—Injunction—"Due Process."

An injunction will be granted to the hearing against the Sheriff for collecting back taxes on a solvent credit, under Revisal, sec. 5232, upon the ground that plaintiff was not given notice of the assessment, or opportunity to be heard before the board of assessors or the tribunal having the power to list or assess such property. The Sheriff is the proper party defendant, but the commissioners may make themselves parties if they think the rights of the county require it.

CIVIL ACTION, heard, on motion to dissolve restraining order, by *Ward, J.,* at chambers in Newton, on 9 July, 1907.

This action is brought by plaintiff, the Caldwell Land and Lumber Co., against defendant, Sheriff of Caldwell County, for the purpose of enjoining the collection of certain taxes assessed against its property. The facts disclosed by such allegations in the complaint as are not denied or are admitted by the answer are: The Board of Commissioners of Caldwell County, at its meeting in May, 1907, placed upon the tax list as a solvent credit certain notes, amounting to $417,000, executed by one George O. Shakespeare, 13 February, 1902, to plaintiff, and secured by a deed in trust. These notes had, not been listed for taxation. The Commissioners valued the

notes at the sum of $417,000, being their face value, and assessed them for taxation at said sum as a solvent credit for the years 1902 and 1903, adding to the tax the penalty of 25 per cent., aggregating the sum of $7,655.16. No notice was given plaintiff, either of listing, valuing or assessing said notes. The Commissioners immediately placed the said tax list in the hands of defendant Sheriff for collection, and he at once advertised for sale plaintiff's real estate, consisting of some 42,982 acres of land. Plaintiff instituted this action 12 June, 1907, asking for an injunction, etc. *Judge Councill* granted a restraining order, returnable before *Judge Ward,* who, on the hearing, 9 July, 1907, "continued the injunction until the final hearing of the cause." He did not find any facts, simply referring to the pleadings. Defendant excepted and appealed.

*W. C. Newland* and *Jones & Whisnant* for plaintiff.
*Mark Squires, Lawrence Wakefield* and *M. N. Harshaw* for defendant.

CONNOR, J., after stating the facts: The Machinery Act (Revisal, sec. 5232), being the same as the act of 1901, sec. 69, ch. 7, and all other acts on the subject subsequent thereto, provides that "In all cases where any personal property, chose in action, or any property, except land, liable to taxation, shall have been omitted, or shall be omitted, in any future year from the tax list by the owner or persons required by law to list the same, the Board of Commissioners shall enter the same on the duplicate of the next succeeding year and shall add to the taxes of the current year the simple taxes of such preceding year, not exceeding five years, with 25 *per centum* added thereto, in which such personal property as aforesaid shall so have escaped taxation, and the said Board of Commissioners shall value and assess the personal property aforesaid for those years, and are empowered to examine witnesses and to call for papers to determine the value and to ascertain

the persons liable for the tax upon said personal property."
This is the only section in the statute concerning or regulating
the listing and assessment of personal property omitted from
the tax list by the owners. It omits to provide that notice
shall be given the owner, or to give him any opportunity to
be heard, either before or after the property is listed, valued
and assessed. We have no doubt of the power of the Legis-
lature to provide for the listing, assessment and taxing of per-
sonal property omitted to be listed as the law requires by the
owner. Nor do we perceive any reason why it may not be
taxed for five or more preceding years if it has escaped taxa-
tion so long. These questions have been settled by several
decisions of this Court. *Kyle v. Fayetteville,* 75 N. C., 445;
*Railroad v. Commissioners,* 82 N. C., 259; *Wilmington v.
Cronly,* 122 N. C., 388. It is the settled policy, and so
required by the Constitution, that all of the property, includ-
ing solvent credits, in the State shall be assessed and taxed at
its value in money. The method of enforcing this constitu-
tional requirement is left with the Legislature, subject to
other provisions of the Constitution securing to the citizen the
right to be heard before his property is subjected to taxation.
We are also of the opinion that an industrial corporation is
liable to pay tax on its solvent credits under such regulations
as to the method of listing and assessment as may be provided
by law. Of course, the special statutory provision prescribing
the mode of assessing the property of banks and building and
loan associations is exclusive of all others. A number of
interesting questions are raised by the pleadings upon contro-
verted allegations. In the absence of any finding of the facts,
we are unable to discuss or decide them intelligently. There
are, however, several questions respecting the procedure in
such cases which we think best to dispose of at this time. We
would hesitate to give the construction to the statute for which
defendant contends. It must be conceded that the provisions
of the section in regard to listing, valuing and assessing un-

listed property are painfully indefinite and obscure. While no express power is conferred upon the Commissioners after making the assessment to place the list so made in the hands of the Sheriff, we think that by a fair construction, in the light of the power conferred in other portions of the statute respecting the regular tax list, such power is given. The courts have so held. "Assessments of escaped property are made *nunc pro tunc,* and it is immaterial that the regular periods for making and reviewing assessments, levying the taxes or placing the rolls in the hands of the collection officers have elapsed when they are made, *unless the owner is thereby deprived of some constitutional right* or the statute limits the time." 27 Am. and Eng. Enc., 700. The qualifying language in this quotation presents the difficulty in this case. If the section stands alone and is to be construed without reference to other sections in the statute, or the universal principle that no property of the citizen may be taken or taxed without an opportunity to be heard before the board of assessors or tribunal having the power to list and assess such property, or before the courts of the State in some appropriate proceeding, we would find it difficult to reconcile it with section 17, Article I of the State Constitution. If, as contended by defendant, section 5233 empowers the Board of Commissioners, by simply examining the books of the Register of Deeds, to place upon the tax list any notes or other choses in action secured by mortgage which they may find thereon for five preceding years, and, without notice to the supposed owner, to place a value upon them, assess them for taxation, add the penalty and summarily enforce the payment of such tax and penalty by a sale of the property of the owner, the protective provisions of section 17, Article I of the Constitution would, *pro hac vice,* be annulled. The power to tax, it has been said, and the truth of the saying too frequently exemplified, is the power to destroy. While the power is essential to the life of the State, its enforcement by constitutional

methods and within constitutional limitations is essential to
the safety of the property of the citizen. "Proceedings for
the assessment of a tax being *quasi* judicial, it follows that,
in order to give validity to the assessment, notice thereof
should be given to the owner of the property to be assessed."
27 Am. and Eng. Enc., 704. The nature of tax proceedings
is summary, of necessity. "Every inhabitant of the State
is liable, by means thereof, to have a demand established
against him on the judgment of others regarding the sum
which he should justly and equitably contribute to the public
revenues. Every owner of property in the State, whether
he be an inhabitant or not, is liable to have a lien in like
manner established against his property. Moreover, the per-
sons who make the assessment lighten the burden upon them-
selves in proportion as they increase it upon others. They
must act, to a large extent, upon imperfect and unsatisfactory
information, and the danger that, when most honest and fair-
minded, they will misjudge and thus do injustice, is always
imminent. It is, therefore, a matter of the utmost impor-
tance to the person assessed that he should have some oppor-
tunity to be heard and to present his version of the facts be-
fore any demand is conclusively established against him; and
it is only common justice that the law should make a reason-
able provision to secure him, as far as may be practicable,
against the oppression of unequal taxation *by making the
privilege of being heard a legal right.*" Cooley on Tax, 625.
The learned author proceeds to say, and the importance of
the subject, in the light of the loose and unsatisfactory pro-
visions in our revenue laws, justifies the quotation, at some
length: "In substance, the question will be whether the right
to be heard in tax cases is a constitutional right and indefeasi-
ble. Upon this subject there is a general concurrence of
authorities in the affirmative. It is a fundamental rule that,
in judicial or *quasi* judicial proceedings affecting the rights
of the citizen, he shall have notice and be given an opportunity

to be heard before any judgment, decree, order or demand
shall be given and established against him.    Tax proceedings
are not, in the strict sense, judicial, but they are *quasi* judi-
cial, and, as they have the effect of a judgment, the reasons
which require notice of judicial proceedings are always pres-
ent when the conclusive steps are to be taken.    Provision for
notice is, therefore, part of the 'due process of law,' which it
has been customary to provide for these summary proceed-
ings; and it is not to be lightly assumed that constitutional
provisions, carefully framed for the protection of property
rights, were intended or could be construed to sanction legis-
lation under which officers might secretly assess the citizen
for any amount in their discretion without giving him an
opportunity to contest the justice of the assessment."    Cooley,
628.    The text is illustrated and supported by an abundance
of authority from both State and Federal courts.    No case is
cited from this State, because no attempt, so far as records
show, has been made to disregard in practice a truth so mani-
fest and fundamental.    It is held that, if possible, statutes
will be so construed as to require notice.    *Kansas v. Pacific
Railroad Co.,* 8 Kan., 558; *Baltimore v. Grand Lodge,* 60
Md., 280; *Gibson v. Munson,* 114 Mich., 671.    Section 5235
makes provision for the equalization of values after notice.
This, however, refers to the regular tax list, and the time is
fixed for making such equalization.    Section 5236 provides
for complaints by owners of property for improper valuation.
This, of course, applies to property which has been listed by
the owner.    If he has no notice that claim is made, that he
has omitted to list his property, and it is summarily listed,
valued and assessed, and the list, with the force and effect of
a judgment and execution, given to the Sheriff, how is he to
make complaint—how is he to know until the "conclusive act
is completed" either that his property is assessed or the value
put upon it?    We are clearly of the opinion that either the
assessment is void and should be so declared, or that the plain-

tiff should have an opportunity to contest all of the questions in the court which would have been open to it if notice had been given at the inception of the matter. In view of the many and more or less difficult questions raised upon the pleadings regarding the liability of the notes to taxation by reason of the peculiar facts relating to their execution, etc., and the manner in which they should be assessed, if liable, the parties should be permitted to litigate them in this action. The necessity for giving notice to owners of choses in action before assessment is manifest. It by no means follows that every note secured by mortgage is solvent to the extent of its face value, or that the full amount is due. Payments may have been made upon it. Again, "All *bona fide* indebtedness owing by any person may be deducted by the tax lister from the amount of said person's credits." Section 5227. If all of the notes, bonds and other choses in action appearing upon the Register's books for five preceding years are to be regarded as solvent credits and listed at their face value, and if such listing and valuation is "conclusively correct," having the "force and effect of a judgment and execution," the question of securing revenue for the State and counties would be solved, but possibly the rights of the individual citizen would be sacrificed. For even so desirable a purpose the end would hardly justify the means. If the plaintiff corporation had, during the years 1902 and 1903, a solvent credit for $417,000 subject to taxation which it omitted to list, it should, even at this late day, pay the taxes justly due upon it; but before the fact is conclusively established by a *quasi* judicial tribunal full and ample notice should be given and an opportunity to be heard afforded. We have no doubt that the plaintiff is entitled to injunctive relief pending the hearing. *Purnell v. Page,* 133 N. C., 125. By the same authority the Sheriff is the proper party defendant. If for any reason the Commissioners think that the rights of the county require, they may be made parties. We take the liberty of suggesting that the Legislature, at its next session, consider the propriety of

amending section 5232, Revisal, so that provision be made for notice before the personal property omitted from the tax list be listed, valued and assessed.

The order of his Honor continuing the injunction is Affirmed.