## W. H. WILLIAMS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 10 November, 1910.)

1. Carriers of Passengers — Legislative Rates — Repealing Acts — Vested Rights.

In an action for damages arising from the alleged wrongful ejection of plaintiff from defendant's train, for his refusal to pay a greater rate of carriage than that provided by the Acts of 1907, ch. 216, sec. 1, it appeared that the plaintiff tendered the rate provided by the act and instituted his action before the passage of ch. 144, sec. 6, Acts of 1908. Held, the plaintiff had acquired

a vested right under the former act in a cause of action growing out of the common law, though the rate of transportation was fixed by the statute.

2. Same — "Chose in Action" — Words and Phrases — Retroactive Acts—Constitutional Law.

   The term "chose in action" though ordinarily considered as arising by contract, is much broader in its significance and includes the right to recover pecuniary damages for a wrong inflicted upon the person or property, and a suit by one wrongfully ejected from a passenger train after tendering the fare prescribed by the Acts of 1907, who has brought suit before the passage of the Acts of 1908, has acquired a vested right which the latter act cannot destroy.

APPEAL from *Adams, J.,* at the February Term, 1910, of GUILFORD.

Civil action heard on demurrer to the complaint. The plaintiff alleged that on 3 August, 1907, he was a passenger on one of defendant's trains, running from Warsaw, N. C., to Goldsboro, N. C., traveling from the former to the latter station; that he tendered the conductor the fare in cash for his transportation, to-wit, 68 cents, the distance between 29 miles and the legal rate per mile being $2\frac{1}{4}$ cents; that the conductor declined to receive this, demanded 85 cents, being the fare at the rate of 3 cents per mile, and upon plaintiff's refusal to pay the fare demanded, wrongfully ejected him from the train, to his damage. The defendant demurred upon the following grounds:

1st. Because it appears upon the face of the complaint that the plaintiff did not tender to the defendant the legal rate or charge fixed for passenger fares between the points alleged in the complaint.

2nd. Because it further appears upon the face of the complaint that it does not state a cause of action in this, that the cause of action, as set out in the complaint, is contrary to the statute laws of North Carolina (see sec. 6, ch. 144 of the Acts of the General Assembly of North Carolina, extra session 1908), and that under said statute the plaintiff cannot maintain this suit against the defendant corporation.

The defendant, the Atlantic Coast Line Railroad Company, demurs to the second cause of action alleged in said complaint

for the reason that it appears upon the face thereof that the plaintiff does not state a cause of action against the defendant, in that it appears upon said complaint that the plaintiff failed to tender to the defendant the proper rate of passenger fare between the two stations alleged in the complaint, and was lawfully and properly ejected from the train for failure to tender same, and that he lost his right, as a passenger upon said train, and also lost his right to return to the same after he had been properly ejected.

This action was begun on 24 September, 1907. His Honor overruled the demurrer and defendant appealed to this Court.

*Stedman & Cooke* for plaintiff.
*Wilson & Ferguson* and *Rose & Rose* for defendant.

MANNING, J. The General Assembly of this State, at its session in 1907, by sec. 1, ch. 216, provided that no railroad company doing business as a common carrier of passengers in the State of North Carolina should charge, demand or receive for transporting any passenger and his or her baggage, not exceeding in weight two hundred pounds, a rate in excess of two and one-quarter cents per mile. This act applied exclusively to intrastate travel, and excepted certain classes of roads which are not pertinent to the present case. The defendant's counsel in their brief admit that, according to the rate prescribed by that act and for the distance plaintiff desired to travel, the proper fare was 65 cents; so the tender by plaintiff, by this admission, was slightly in excess of the exact amount. The defendant insists, however, that the act of 1907, referred to, was repealed by the General Assembly at the Special Session of 1908, ch. 144, and that it was enacted by sec. 6 of the repealing act as follows: "That no railroad company or agent, servant or employee of any railroad company shall be held liable to any person or found guilty of any offense in any action, civil or criminal, whether heretofore or hereafter instituted or begun, by reason of anything done or attempted to be done in violation of said act mentioned in the preceding sections hereof, or of any provision thereof." It is urged by the defendant that this sec. 6 is a bar upon the plaintiff to maintain this action and is a grant of

amnesty to the defendant for the private wrong done plaintiff, to recover damages for which he had brought this action on 24 September, 1907, several months before the repealing act became effective, to-wit, 1 April, 1908. We do not think this contention can be sustained. The wrong done plaintiff was the wrongful expulsion of him from defendant's train. Can the Legislature, by an act passed subsequently to the wrong done and subsequently to the institution of an action in the proper court to redress the wrong, destroy plaintiff's property in his cause of action? In *Duckworth v. Mull*, 143 N. C., 461, it was held by this Court that the word "property," as used in constitutions and public statutes, unless restrictive words are used, includes the value of the injury involved in the litigation. "A vested right of action is property in the same sense in which tangible things are property, and is equally protected against interference. Where it springs from contract, or from the principles of the common law, it is not competent for the Legislature to take it away." Cooley's Constitutional Limitations, p. 517; Black's Const. Law, p. 432. In *Dunlap v. Tal. A. A. & G. T. Ry.*, 50 Mich., 470, the Court said: "There is no doubt a right in action, where it comes into existence under common law principles, and is not given by statute as a mere penalty or without equitable basis, is as much property as any tangible possession, and as much within the rules of constitutional protection." *C. B. & A. R. R. Co. v. Dunn*, 52 Ill., 260; *Cooney v. Lincoln*, 20 R. I., 183; *Cody v. Dempsey*, 83 N. Y. Supp., 899; *Seaman v. Clarke*, 69 N. Y. Supp., 1002; *Hein v. Davidson*, 96 N. Y., 175; *Collins v. East Tenn., Va. & Ga. R. Co.*, 9 Heisk, 841; *Hubbard v. Brainard*, 35 Conn., 563. In Wade on Retroactive Laws, sec. 172, the author says: "The right to recover for personal or other injuries resulting to one person by the torts of another, cannot be tortured into rights arising in contract. These, however, are so sacred as to be considered worthy of protection. Thus, where an act of negligence produced a personal injury, for which the person suffering the same was entitled by the existing law to recover the full amount proved, it was held that a subsequent statute limiting the recovery to a less sum would not affect the rights of the injured party. He

had a vested right, not only to compensation for his injuries, but to the measure of damages fixed by the law as it existed when the cause of action accrued." *Kay v. Pen. Ry. Co.*, 65 Pa. St., 269. The theory or principle upon which a vested cause of action sounding in damages is property, and prevented from "a taking" or destruction without due process of law, rests upon its classification as a *chose in action*. As is said by *Judge Sharswood,* in a note to a passage in 2 Black Com., 396, "there is a very large class of choses in action which arise *ex delicto*. My claim for compensation for any injury done to my person, reputation or property is as truly a chose in action, as where it is grounded on a breach of covenant or contract." In *City of Cincinnati v. Hafer,* 49 Ohio St., 60, the Court said: "While by a 'chose in action' is ordinarily understood a right of action for money arising under contract, the term is undoubtedly of much broader significance, and includes the right to recover pecuniary damages for a wrong inflicted either upon the person or property. It embraces demands arising out of a tort, as well as causes of action originating in the breach of a contract. . . A thing in action, too, is to be regarded as a property right." 2 Kent, 351; *The People ex rel Stanton v. Tioga C. P.,* 19 Wend., 73.

There is a well-recognized and well-established distinction between cases where the cause of action is created by statute and cases where the cause of action rests upon or grows out of the principles of the common law. The former class of cases is considered by this Court in *Grocery Co. v. R. R.,* 136 N. C., 396, where it is said: "The principle governing the application of statutes creating a cause of action where none existed before have been settled in this State. Of course where the statute has been repealed, and there has been no assertion or attempted assertion of any right thereunder prior to such repeal, all right of action is necessarily destroyed. This is too well-settled to require any citation of authority and is universally recognized. Where the right has been asserted during the life of the statute, as for instance an action instituted to recover a penalty, the plaintiff acquires an inchoate right subject to be defeated by express legislative action. *Dyer v. Ellington,* 126 N. C., 941.

Where the statute is simply repealed and no allusion is made to pending actions, the inchoate rights therein acquired are not interfered with, but may be prosecuted to final recovery. Code, sec. 3764 (Revisal, 2830), *Wilmington v. Cronly,* 122 N. C., 388. Where suit is brought during the life of the statute and pending at its repeal, without having gone to judgment, the Legislature may, by express terms, take away the right of action. *Dyer v. Ellington, supra.* When the plaintiff has obtained a judgment for the penalty before the repeal of the statute, he has a vested right therein which cannot be taken away by the Legislature. *Dunham v. Anders,* 128 N. C., 207; 83 Am. St. Rep., 668." In *Dyer v. Ellington, supra,* the power of the Legislature to destroy, by a repealing act, a penalty before it has become vested by a judgment, is placed upon the ground that it is a right created by statute—a favor conferred by legislative act which may be withdrawn by express provision before judgment recovered. The right resting in the plaintiff upon the alleged facts of the present case was not created by statute, though the rate of transportation was so fixed, nor was the wrong he seeks to redress, the creation of statute. Both are founded upon well-established principles of the common law, and we, therefore, hold upon the authorities cited and upon established principles that the section of the act of the Legislature of 1908 quoted above was ineffectual to destroy plaintiff's cause of action. We find no error in the order of his Honor overruling the defendant's demurrer.

Affirmed.