CITY OF LEXINGTON v. H. I. LOPP, MRS. ANNIE E. LOPP, AND MRS.
E. J. ZIMMERMAN, MORTGAGEE, AND ROBY LOFTIN, MORTGAGEE.

(Filed 20 May, 1936.)

**Municipal Corporations G c: Constitutional Law I b—**

Street assessments made under charter provisions failing to provide
notice and an opportunity to be heard to those assessed are void as violat-
ing due process of law, and may not be validated by curative acts of the
Legislature. Art. XIV, sec. 1, of the Federal Constitution, Art. I, sec. 17,
of the State Constitution.

APPEAL from *Hill, Special Judge,* at September Term, 1935, of
DAVIDSON. Affirmed.

This is an action brought by plaintiff against the defendants H. I.
Lopp and Mrs. Annie E. Lopp (certain mortgagees made parties) to
recover $104.26 for the construction of a curb and gutter along East 6th
Avenue and Salisbury Street, in the city of Lexington, N. C., by plain-
tiff.

The plaintiff alleges that the work was done and assessment was made
by it, and prayed for judgment for the amount to be declared a lien on
the Lopps' land, and same to be sold to pay the assessment.

The Lopps answer, in part: "That said improvements were not made
at the request of a majority of the abutting property owners, and that
the assessments attempted to be made and levied on said property for
said improvements were not legally and properly made and are not valid
or binding on these defendants."

The amended complaint sets up a certain curative act of 1933, and the
amended answer alleges that plaintiff had not complied with the terms
of the act and brought the suit in the time limit fixed in the act. The
plaintiff made reply that the Act of 1933 was repealed by an act passed
in 1935, validating suits not brought in time under the Act of 1933.

The court below rendered judgment against plaintiff, and it excepted,
assigned error, and appealed to the Supreme Court.

*P. V. Critcher and D. L. Pickard for plaintiff.*
*McCrary & DeLapp for defendants.*

PER CURIAM. In the judgment of the court below is the following:
"That the provisions of the charter of said municipality (Private Laws
1907, ch. 14, sec. 23) with reference to street improvements and assess-
ments therefor, and the alleged assessments attempted to be made against
the property of the defendants, were and are null and void, for that same
not only violated the purpose and intent of the general statutes of North
Carolina with reference to street assessments by a municipality, but were

and are in contravention of the Constitution, and lacked the essential element of 'due process of law' by failing to afford the landowner an opportunity to be heard concerning the legality, justice, and accuracy of the proposed assessment before same was finally made. That the aforesaid alleged curative statutes, relied upon by the plaintiff, are unconstitutional, null, and void in so far as same attempt to dispense with notice to the landowner, and opportunity to be heard, before final assessment."

The private statute on the subject made no sufficient provision as to notice and an opportunity to be heard. The purported curative statutes could not give life to a null and void assessment.

In *Lumber Co. v. Smith*, 146 N. C., 199 (204), we find: "Provision for notice is, therefore, part of the 'due process of law,' which it has been customary to provide for these summary proceedings; and it is not to be lightly assumed that constitutional provisions, carefully framed for the protection of property rights, were intended or could be construed to sanction legislation under which officers might secretly assess the citizen for any amount in their discretion without giving him an opportunity to contest the justice of the assessment," citing Cooley Taxation. *Markham v. Carver*, 188 N. C., 615; Const. of U. S., Art. XIV, sec. 1; Const. of N. C., Art. I, sec. 17.

From a careful examination of the record, we think the judgment of the court below correct.

The judgment of the court below is

Affirmed.