T. C. BOWIE, JR., JEAN D. BOWIE AND ELIZABETH B. REDD v. TOWN OF WEST JEFFERSON, AND W. R. CAMPBELL, TREASURER AND TAX COLLECTOR OF THE TOWN OF WEST JEFFERSON.

(Filed 3 February, 1950.)

**1. Constitutional Law § 20a—**

Due process of law means notice and hearing, and in that order.

**2. Same—**

Where a statute fails to provide requisite notice and hearing it must be declared unconstitutional notwithstanding that in its application administrative officials may give notice, since the statute must be tested by what it authorizes to be done rather than what has been done under it.

**3. Taxation § 26½—**

An act which permits the governing board of a town to list, value and revalue all property within its limits separately and independently of the general statute (G.S. 105-333) without providing for notice and hearing as to such valuations, and without setting up precise standards for evaluation, contravenes due process of law and is unconstitutional. Chap. 627, Session Laws of 1947.

**4. Constitutional Law § 10b—**

It is the duty of the Court to declare a statute unconstitutional when it is clearly so.

DEFENDANTS' appeal from *Sink, J.,* July Civil Term, 1949, ASHE Superior Court.

*R. F. Crouse and Johnston & Johnston for defendants, appellants.*
*T. C. Bowie, Jr., for plaintiffs, appellees.*

SEAWELL, J.   This action was brought under G.S. 105-406 to recover from the Treasurer of the Town of West Jefferson taxes paid by the plaintiffs under protest.   There is no controversy over the fact that the taxes were paid under protest and that suit to recover back was brought in apt time.

The controversy was, by consent, heard before the trial judge without a jury and terminated in a judgment for plaintiffs from which the defendants appealed.

The plaintiffs' protest rests on the contention that Chapter 627 of the Session Laws of 1947, under which the taxes were levied and collected, is in contravention to the provisions of the State and Federal Constitutions relating to due process; and that it also violates Article V, Section 3, of the North Carolina Constitution requiring that "taxes on property shall be uniform as to the class of property taxed."   The latter objection refers to the provision in the statute permitting the town to put property within its confines upon a different valuation from that which obtains in the county in which it is located, thus resulting in a valuation, contended to be very much higher in the Town, while a different and lower valuation is put upon the same property for county taxation.

In view of the conclusion we have reached it is not necessary to decide whether the uniformity clause of the State Constitution, Art. V, Sec. 3, is applicable to this situation or vitiates the levy and collection of the tax. We direct our attention to the objection to the statute and levy thereunder as wanting in due process.

The challenged statute reads as follows:

"Chapter 627.   An act to Permit the Governing Board of the Town of West Jefferson to List, Value and Revalue Property for the Purposes of Town Taxation Without Regard to the Listing Valuation and Revaluation of such Property for Purposes of State and County Taxation.

"That the General Assembly of North Carolina do enact:

"Section 1.   The governing boards of the Towns of West Jefferson and Morehead City may, in their discretion, list, value and revalue all property for the purposes of town taxation separately and independently from and without regard to any listing, valuation or revaluation of such property for purposes of State and County Taxation.

"Sec. 2.   All laws and clauses in conflict with this Act are hereby repealed.

"Sec. 3.   This Act shall be effective upon its ratification.

"In the General Assembly read three times and ratified, this the last day of April, 1947. Ch. 627, P. L., 1947."

The familiar provisions of the Constitution of the United States read as follows:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The parallel provisions of the North Carolina Constitution read:

"No person ought to be taken, imprisoned, or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty or property, but by the law of the land."

An examination of the above statute shows that it provides no machinery whatever for the listing, assessing or valuation of the property, or for any notice to the taxpayer or hearing, or of appeal. Nor does it by reference to any general statute incorporate any such provisions in the act. The statute seems to expect supplementation in this respect by those who administer it.

Due process of law means notice and hearing, and in that order. *Gunter v. Town of Sanford,* 186 N.C. 452, 120 S.E. 41. It is a minimum content of any procedure under the guise of legislative enactment by which a person may be deprived of his life, liberty or property.

The Machinery Act, G.S. 105-333, requires that towns and cities accept for imposition of their own tax the valuation put upon property within their limits by the County Board of Assessment, except where the town or city lies in more than one county, when special provision is made for assessment or valuation of property therein for tax purposes by G.S. 105-334. This latter section is urged by the defense as a precedent of the power given to the Town of West Jefferson, although the latter lies wholly within the County of Ashe.

Without raising any question as to the constitutionality of G.S. 105-334—which statute was intended to produce uniformity within the city limits—where otherwise almost certain inequality would exist because of the several county appraisals—we may say that the constitutionality of a statute is not proved by its alleged similarity to another statute which itself has not passed the acid test.

Be that as it may, the Town of West Jefferson stepped completely out of the provisions of G.S. 105-333 and substituted no proceeding containing the essentials we have mentioned, and did not by reference seek aid from any other helpful statute. The statute has achieved a completely insular position and must operate *ex propria vigore*. Its constitutionality must rest not only on what it contains, but on what it lacks. A delegation of power may be valid in itself under proper constitutional limitations; without them, invalid.

With reference to the want of notice, it is pointed out by the defendant that notice similar to that required in the General Statutes relating to county taxes was given by publication. Where the town board got authority to do this does not appear; in this respect the statute seems to have been supplemented *ex gratia;* and whether future Boards would be so kind is not certain. As expressed in *Stuart v. Palmer,* 74 N.Y. 183, 188: "The constitutional validity of law is to be tested not by what has been done under it but by what may, by its authority, be done." McGehee, Due Process of Law, p. 82. The security of life, liberty and property cannot be wholly left to the continuing benignity and sense of justice and equity of those to whom is given extraordinary powers to take at will. They must rest in law; and the statute must exemplify the more fundamental and controlling rules of the Constitution.

Not all tax procedures, of course, are subject to the rule we have outlined, that is the presence in the statute of a provision requiring notice and permitting hearing; in some of them the tax is imposed on a declaration or report of the taxpayer, and the amount of the tax is merely a matter of mathematical computation. But where the tax is imposed or predicated on a property appraisal by a board of assessment or other board exercising *quasi*-judicial functions, the procedure for manifest reasons, amongst them the want of precise standards, is by virtually unanimous accord brought within the rule. Cooley on Taxation, 625; 51 Am. Jur., Taxation, sec. 35. In our own jurisdiction it is not an open question: *Lexington v. Lopp,* 210 N.C. 196, 197, 185 S.E. 766; *Person v. Watts,* 184 N.C. 499, 514, 115 S.E. 336; *Lumber Co. v. Smith,* 146 N.C. 199, 59 S.E. 653; *R. R. v. Alamance County,* 77 N.C. 4.

We agree with appellant that the Court should exercise the extraordinary power of declaring an act of the Legislature unconstitutional with the greatest of caution, but whatever degree of conviction in that respect must dominate the action of the Court, we feel here that the duty is clear.

For the reason stated, we are constrained to hold the cited Session Act under which this tax was levied and collected repugnant to the constitutional provisions we have quoted. It follows that the judgment of the court below is

Affirmed.