W. J. BRAFFORD v. JOEL REED.

(Decided November 28, 1899.)

*Injunction—Evidence—Endorsed    Payments—Statute    of
Limitations.*

1. Where the plaintiff alleged that he furnished certain articles to
   the tenants of defendant upon his written orders, he must
   produce the orders or account for their loss before under-
   taking to prove the delivery of these articles, otherwise, an
   objection to the proposed evidence will be sustained.  These
   orders were not collateral to the issue being tried, but were
   the evidence constituting the alleged indebtedness, and so fall
   within the general rule, that the best evidence must be offered,
   or its loss accounted for, before secondary evidence is admis-
   sible.

2. Where there is evidence to support the finding of facts by the
   trial Judge, this Court will not undertake to review his find-
   ing.

3. Where five notes were given under seal, dated March 6, 1883, with
   interest from date, falling due in one, two, three, four and five
   years, all for the same debt, and all written on one sheet of
   paper, with numerous payments endorsed thereon, running
   from March 19, 1884, to January 21, 1898, and it was agreed
   that no instructions or directions as to the application of said
   payments were given, and they were not applied to any par-
   ticular one of the notes, but put on the back of said notes
   simply as a memorandum of said payments, the agreed facts
   put an end to the question of the statute of limitations, the
   payments being as applicable to one note as another.

CIVIL ACTION to enjoin a foreclosure sale and for a refer-
ence and account.  The restraining order was issued, refer-
ence ordered, and account taken and reported.  The cause
came up for final hearing, upon exceptions by the plaintiff,
before *Shaw, J.,* at January Term, 1899, of the Superior
Court of CABARRUS County.

His Honor overruled the exceptions of plaintiff, confirmed the report, dissolved the injunction and rendered judgment in favor of defendant for his debt, secured by mortgage.

Plaintiff excepted, and appealed.

The case is fully stated in the opinion.

*Messrs. Jones & Tillett,* and *M. H. Caldwell,* for appellant.

*Messrs. H. S. Puryear,* and *Montgomery & Crowell,* for appellee.

FURCHES, J. In March, 1883, the plaintiff bought of defendant a half interest in a tract of land and mills, for which he agreed to pay defendant $2,500; and, to secure the purchase money, he executed five notes of $500 each payable to the defendant with interest from date until paid, and falling due in one, two, three, four and five years from date. To secure the payment of these notes, the plaintiff executed a mortgage on said property, with power of sale upon default of payment. The notes not having been paid (as defendant alleged) he advertised the property for sale, under the power contained in the mortgage, and on the 4th day of March, 1897, the plaintiff commenced this action alleging that said notes had been paid and satisfied, also setting up the statute of limitations as a bar and discharge of said indebtedness and mortgage, asking for an injunction and for an account.

The injunction was granted, an account ordered, taken and reported to February Term, 1899, of Cabarrus Superior Court. The plaintiff filed exceptions to this report, and, from the ruling of the Court on said exceptions and the judgment thereon, the plaintiff appealed.

The plaintiff alleged that he furnished grain, flour, meal, etc., to tenants of defendant, upon the defendant's written order. He then, without producing these orders or account-

ing for their loss, undertook to prove by one Smith, his miller, the delivery of these articles. This was objected to by defendant, objection sustained, and the plaintiff excepted. This exception can not be sustained.

These orders were not collateral to the issue being tried, but the evidence upon which the alleged indebtedness was founded. And we see no reason why they did not fall within the general rule that the best evidence must be offered, or its loss accounted for, before secondary evidence is admissible.

Another exception is as to the finding of facts by the referee and the Judge. But none of these exceptions are put upon the ground that there is *no* evidence to support the findings. And it has been so often held by this Court that it will not undertake to pass upon and review the findings of facts by the Judge, where there is evidence to support such findings, (though it may be disputed by other evidence in the case) that we do not consider it necessary to cite authority.

The only other question presented by plaintiff's exceptions, necessary to be considered, is the statute of limitations. And it can not be sustained. The five notes, all given for the same debt, were written on a sheet of foolscap paper, and folded up together. There had been quite a number of payments made by the plaintiff on this land-debt, commencing in 1883, soon after the date of the transaction, and continuing down to 1897. These payments were endorsed on the sheet of paper upon which the notes were written; and, upon the trial, it was agreed by the parties, plaintiff and defendant, that the Court should find, in addition to the facts found by the referee, the following facts: "That the plaintiff gave no instructions or directions as to the application of said payments, and the defendant did not apply them to any particular one of the notes, but put them on the back of said notes simply as a memorandum of said payments."

It being agreed that the Judge should find the facts stated above, it was the same in substance and effect as if it had been stated that these facts were agreed to by the parties.    These agreed facts, it seems to us, put an end to the question of the statute of limitations.    They admit payment on this indebtedness, down to a short time before the commencement of this action, which payments were as applicable to one note as another.    There was no error in overruling this exception. If the notes had been severed and the payments placed on one, or a part of them, the payment would have been held to apply only to such notes as had the endorsed payments upon them.

There are some other exceptions, but, while they have all been examined and considered, none of them can be sustained.

Affirmed.