DELIA STOKES v. SILAS COGDELL, *In re* Wilbur C. Newton.

(Filed 12 October, 1910.)

**Appeal and Error—Habeas Corpus—Objections and Exceptions— Facts Found—Conclusiveness.**

Upon an appeal from a judgment upon a writ of *habeas corpus* awarding the custody of a minor child, the Court will only review errors of "law or legal inference," Constitution, Art. IV, sec. 8, and not the findings of fact made by the lower court upon competent evidence; and Revisal, 1854, allowing an appeal in such cases, does not affect the matter.

APPEAL by defendant from *W. R. Allen, J.,* at the June Term, 1910, of WAYNE.

The facts are sufficiently stated in the opinion.

*E. W. Hill* for petitioner (appellee).
*George E. Hood* for appellant.

CLARK, C. J. This is an appeal from a judgment upon a writ of *habeas corpus* awarding the custody of a minor child. The first two exceptions rest upon the ground that "the evidence did not justify the findings of fact." This presents the question whether this Court will review the findings of fact by the judge.

The decisions of this Court are uniform that "The findings of fact by the judge, when authorized by law or by consent of parties, are as conclusive as when found by a jury, if there is any evidence to support them." *Matthews v. Fry,* 143 N. C., 384; *Shoaf v. Frost,* 127 N. C., 306; *Brafford v. Reed,* 125 N. C., 311; *Roberts v. Ins. Co.,* 118 N. C., 429; *Nimocks v. Shingle Co.,* 110 N. C., 230; *Travers v. Deaton,* 107 N. C., 500; *Millhiser v. Balsley,* 106 N. C., 433; *Branton v. O'Briant,* 93 N. C., 99. The reason for the rule is the same in both cases. The jury, or the judge when authorized to find the facts, see the witnesses, their bearing on the stand, the attendant circumstance and incidents of the trial, and hence are far more competent to judge of the weight to be given to the evidence than this Court can be. Therefore, we have never reviewed the evidence in any case upon the ground that the findings of fact, whether by jury or judge, were against the weight of evidence. We have never gone beyond passing upon the question whether or not there is any evidence, which is a matter of law. The only exception is as to appeals in injunction cases which are heard upon affidavits and by the uniform practice of the courts, the judge is not required to find the facts, and in those cases only do we pass upon the facts.

As a rule, no appeal lies from a judgment in *habeas corpus, S. v. Miller,* 97 N. C., 451 (though this Court may in its discretion allow a *certiorari* to bring up a case), but by the Act, 1858-9, ch. 53, sec. 2, now Revisal, 1854, an appeal lies "in favor of either party where the contest is in respect of the custody of minor." This does not alter the rule that an appeal lies to this Court only to review errors of "law or legal inference." Cons., Art. IV, sec. 8.

Appeal lies from the judgment applying the law to the facts found. *Harris v. Harris,* 115 N. C., 587, which is the rule in all cases. *Ladd v. Teague,* 126 N. C., 544; *Norton v. McLaurin,* 125 N. C., 185.

Upon the facts found the judgment herein should be

Affirmed.