### D. S. ELIAS v. BOARD OF COMMISSIONERS OF BUNCOMBE COUNTY ET AL.

(Filed 28 May, 1930.)

**Process B c—Judgment that clerk should not order publication in a certain paper without finding that it was most likely to give notice held error.**

There being no specific requirement of statute that an order for the publication of summons state that the paper in which the publication is ordered to be printed is the one "most likely to give notice to the person to be served," a judgment that the clerk be restrained from ordering publication in a certain paper without such finding in the order is beyond the terms of the statute and would seem to be discriminatory, and on appeal the judgment will be modified; an order for publication of summons being made by a court of record there is a presumption in favor of the rightfulness of its decrees, and it will be presumed that the statutory findings and determination had been made, without specific adjudication in the order to that effect. C. S., 485.

APPEAL by defendants from *MacRae, Special Judge,* at January Term, 1930, of BUNCOMBE.

Civil action to restrain the defendants from proceeding with certain tax sales, as being contrary to law and involving needless expenditure of public funds.

It was conceded on the argument that the irregularities complained of had all been remedied since the hearing in the Superior Court and that the board of commissioners of Buncombe County and the clerk of the Superior Court have no further interest in the matter.

But the Advocate Printing Company contends that the following provision of the judgment is unduly restrictive of its rights and should be modified:

"2. That the said J. B. Cain, clerk of the Superior Court, as aforesaid, be further restrained and forever enjoined from issuing any orders

of any date authorizing and directing the publication of summonses in any action by the board of county commissioners of Buncombe County against delinquent taxpayers of said county in the *Asheville Advocate*, a publication issued by the Advocate Printing Company, without first finding as a fact and designating in his order of publication that said *Asheville Advocate* is the paper most likely to give notice to the person to be served."

The plaintiff, on the other hand, contends that the judgment, in its entirety, accords with the statute.

*Bourne, Parker & Jones and J. H. Cathey for plaintiff.*
*Don C. Young for county commissioners.*
*Joseph W. Little for defendant, Advocate Printing Company.*

STACY, C. J., after stating the case: It is provided by C. S., 485, that where service of summons is to be had by publication the "order must direct the publication in one or two newspapers to be designated as most likely to give notice to the person to be served." But there is no specific requirement of the statute that such finding shall appear in the order of publication.

The fact that one or more newspapers is designated for the publication of summons ought to carry a presumption of the requisite statutory finding and determination without a specific adjudication in the order to that effect. *Guilford v. Georgia Co.,* 109 N. C., 310, 13 S. E., 861. When a court of record assumes to act, there is a presumption in favor of the rightfulness of its decrees. Hence, to require that such finding be embodied in the order when the publication is to be made in the *Asheville Advocate* and not when it is to be made in some other newspaper, would seem to be somewhat discriminatory and beyond the terms of the statute. To this extent, the judgment will be modified. Otherwise it is affirmed.

Modified and affirmed.