The facts found by the judge and upon which the judgment was based are as follows: The summons in this cause was issued and a duly verified complaint filed on 18 September, 1930; the cause of action alleged in said complaint being for divorce on the grounds of abandonment and separation for a period of five years.
The summons was returned by the sheriff: "Claudia May Hatley not to be found in Nash County. J. H. Griffin, sheriff of Nash County." Said return is not dated.
On 16 September, 1930, the plaintiff filed an affidavit in the clerk's office, stating under oath that said summons had been issued and returned as above stated, and further stating upon oath, "that the defendant therein cannot after due diligence be found within the State." Upon said affidavit, which is made a part of this finding of fact, the clerk entered the order on 18 September, 1930, directing that service of said summons be made by publication, and thereupon a notice of the pendency of the action was published in "The Graphic," a newspaper published in Nashville, N.C. as will appear by affidavit on file in the judgment roll.
Thereafter, at the November Term, 1930, said cause was heard before Cranmer, judge, and the jury found that there had been a separation of the parties for five years and that the plaintiff was the injured party.
In the complaint, verified by the plaintiff and filed 18 September, 1930, it is alleged that one child had been born to the marriage, "who is now living, namely, May Ella Hatley, 15 years of age, and said child is with its mother"; said mother being the defendant in this cause. *Page 578 
On 20 July, 1930, plaintiff wrote a postal card to the said May Ella Hatley and addressed the same to her at Tarboro, N.C. he knowing at the time that she was living with her mother, the defendant, Claudia May Hatley. Said card was put in evidence and is made a part of this finding of fact.
The court finds also that the plaintiff knew at the time of the issuance of the summons in this cause that his wife was living in Tarboro, N.C.; that he knew said facts at the time he made the affidavit in order to obtain the order of publication; and the court finds that said affidavit contained a false statement of fact which was known to the plaintiff; that the plaintiff has at all times known the residence and whereabouts of his wife, who has at all times lived within the State of North Carolina since the marriage; that he has been in correspondence with her or with said child, and has sent contributions to both of them from time to time, and that there has not been any abandonment and separation of the parties, which would justify a decree of divorce.
The court finds that this action in its inception and prosecution was a fraud upon the court and a fraud upon the defendant; and it is now ordered, adjudged and decreed that the verdict as copied in the Minute Docket, Vol. 20, page 420, and the judgment and decree of divorce as recorded in Judgment Docket, Vol. 31, page 44, of Nash County, be and the same are hereby set aside, canceled and declared null and void and the clerk of the Superior Court will enter a cancellation of the same upon the minutes of the court and judgment docket aforesaid.
In a suit for absolute divorce, when service of summons by publication is based upon a false and fraudulent affidavit, may the final judgment rendered in the cause be vacated by motion in the cause?
The trial judge was of the opinion that the judgment of absolute divorce could properly be vacated by motion in the cause. The Court concurs in such opinion. The question is expressly decided in Fowler v. Fowler,190 N.C. 536, 130 S.E. 315. The distinction as pointed out in the Fowlercase, supra, is this: If a fraud be perpetrated on a party to an action, the final judgment must be attacked by an independent suit. Upon the other hand, if a fraud is perpetrated on the court whereby jurisdiction is apparently acquired where no jurisdiction actually exists, then such final judgment is a nullity and may be vacated by motion in the cause.
Affirmed. *Page 579