## IN THE MATTER OF THE ESTATE OF DR. JOHN W. SMITH, DECEASED.

(Filed 6 March, 1946.)

**1. Wills § 40—**

A widow is given the right to dissent from the will of her husband by statute, G. S., 30-1, upon notice given in person or by attorney duly authorized in writing, and the statute does not require previous notice to the executors or devisees.

**2. Same—While motion to set aside divorce decree is pending, it is error for the court to strike out widow's dissent from will.**

Appellant duly filed dissent from the will of her husband. An executor moved to strike out the dissent on the ground that the husband had obtained a decree of absolute divorce. Appellant moved in the court in which the divorce decree had been rendered to set aside the decree for want of legal service and for fraud. The executor sought and obtained an order amending *nunc pro tunc* the order of publication in the divorce action to make it conform to the statute. *Held:* While the motion to set aside the divorce decree is pending, it is error for the court to strike out the dissent from the will.

APPEAL by Mrs. Harriot B. Smith from *Nimocks, J.,* at Chambers, 19 November, 1945. From HERTFORD. Error and remanded.

From an order directing that her dissent from the will of John W. Smith be stricken from the record, Mrs. Harriot B. Smith appealed.

The pertinent facts were these: John W. Smith died testate in Hertford County, 25 February, 1945, and his will was probated 1 March, 1945, wherein he named A. W. Greene, Clerk of the Superior Court of Hertford County, and H. H. Foster as executors.

On 21 August, 1945, Elbert S. Peel, attorney for appellant, presented to Judge Nimocks holding the courts of the third Judicial District at Halifax, N. C., the written dissent from said will by Mrs. Harriot B. Smith as the widow of John W. Smith, and thereupon it was ordered that said dissent, together with the authorization therefor, be filed of record in the Superior Court of Hertford County. The dissent was filed in accordance with the order.

On 27 August A. W. Greene, one of the executors, filed exception to the order of Judge Nimocks on the ground (1) that the order was signed without notice to executors and devisees of the testator, and (2) that John W. Smith had been divorced *a vinculo* by judgment of the Superior Court in Martin County in September, 1944. Notice was given appellant's attorney of this motion, to be heard 1 October by Judge Nimocks.

On 29 September Mrs. Harriot B. Smith filed in the Superior Court of Martin County a motion to set aside the divorce judgment for want of proper service, and for fraud in attempting to secure a divorce without

notice to her, in a county other than that of the residence of plaintiff John W. Smith or his wife, where neither of them were known, and by a publication which did not give her legal or actual notice. A meritorious defense to the divorce action was alleged. The motion had been verified by appellant 19 June, 1945, but notice was not given to executors and devisees of this motion until 29 September, 1945.

The motion to strike out the dissent of Mrs. Smith was heard by Judge Nimocks 1 October, but judgment was reserved.

On 7 November notice was given by the attorney for A. W. Greene, one of the executors, that he would move before the Clerk of Martin Superior Court to amend *nunc pro tunc* the order of publication of summons in the divorce case. This was heard by the Clerk of Martin 19 November, and order entered amending the order of publication so as to conform to the statute.

On the same date, 19 November, 1945, Judge Nimocks entered the following order: "The court now being of the opinion that he was without authority in law or otherwise to accept the dissent of Hon. Elbert S. Peel, attorney for Mrs. Harriot B. Smith, and to order the same filed in the office of the Clerk of the Superior Court of Hertford County: It is now, on motion of Alvin J. Elvey, attorney for A. W. Greene, co-executor, ordered and decreed that the dissent from the will of Dr. John W. Smith, and the order accompanying same, be set aside and declared void and of no effect, and that the same be expunged from the records of Hertford County."

Mrs. Harriot B. Smith excepted and appealed.

*Peel & Manning for appellant.*
*Alvin J. Elvey for appellee.*

DEVIN, J. The right of a widow to dissent from the will of her husband is conferred upon her by statute. G. S., 30-1. She may give notice of her dissent in person, or by attorney duly authorized in writing. The dissent is thereupon filed as a record of court, and, nothing else being made to appear, the estate would be administered as to the wife as if the husband had died intestate. G. S., 30-2.

While in the case at bar the Clerk of the Superior Court of Hertford County was one of the executors of the will, the act of filing a dissent was purely ministerial and we see no reason why the clerk should have been disqualified to receive and file the written dissent. However, by reason of G. S., 2-20, counsel thought proper to present the dissent in the first instance to the judge holding the courts of the district. But in any event the judge ordered the dissent filed of record in Hertford County,

and this was done. The fact that no previous notice was given the executors or devisees is immaterial as the statute does not require notice.

The dissent having been duly filed, the moving executor sought to have it stricken out on the ground that a valid decree of divorce had dissolved the bonds of matrimony between John W. Smith and his wife, and that at the time of the death of the testator the appellant was not in law his widow. To this the appellant replied by moving in the court in which the divorce decree had been rendered to set aside the judgment for want of legal service and for fraud. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Poole v. Poole,* 210 N. C., 536, 187 S. E., 777; G. S., 1-99; G. S., 1-100. This motion is apparently still pending in Martin County and undisposed of.

In order to meet the charge of lack of proper service in the divorce case the executor sought and obtained an order from the Clerk of Martin Superior Court permitting an amendment *nunc pro tunc* to the order of publication in the case of John W. Smith *v.* Harriot B. Smith in order to make it conform to the statute.

In this state of the case the court below ordered the dissent expunged from the records of Hertford County.

Without undertaking to determine the propriety or effect of the motions and orders in the divorce action, it is apparent on the record before us that the order striking the appellant's dissent from the files was improvidently entered, pending the determination of the status of the divorce judgment in Martin County. If the judgment is upheld it would bar Mrs. Smith from participation in the estate of John W. Smith and her dissent would be of no avail; but if the judgment be set aside she would be entitled as in cases of intestacy, the dissent having been filed within the time allowed by the statute.

Error and remanded.