Civil action for absolute divorce upon ground of two years separation — heard upon motion of defendant to set aside judgment rendered in favor of plaintiff on verdict returned at September Term, 1944, of Superior Court of Martin County.
The motion of defendant, dated 19 June, 1945, is based in the main on these contentions:
That after the marriage of plaintiff and defendant they had lived together at Norlina in the State of North Carolina, and had never resided in Martin County; that at the time of the institution of the action in Martin County plaintiff was a resident of Hertford County, and defendant was "not living in the State of North Carolina"; that the publication of notice of summons in a newspaper in Martin County was not in compliance with the statutory direction (a) that the publication be in "one or two newspapers to be designated as most likely to give notice to the person to be served," and (b) that the order for publication of notice of summons failed to designated any particular newspaper, and failed to state the length of time deemed reasonable, "not less than . . . once a week for four successive weeks, giving the title and purpose of the action, and requiring the defendant to appear and answer or demur to the complaint at a time and place therein mentioned"; that she had no knowledge of the action until after judgment was rendered; that plaintiff had died on 25 February, 1945; and that she had a meritorious defense.
The record discloses (1) that the affidavit, upon which plaintiff prayed that service of notice of the action be published, "as required by law," contains the essential facts; (2) that the order of the clerk, after reciting the essential facts contained in the affidavit, directed "that summons be *Page 508 
served by publication in some newspaper published in Martin County as required by law"; (3) that the notice published, dated 16 June, 1944, gave the title and purpose of the action, and required defendant "to appear at the office of the Clerk of the Superior Court of Martin County, in the courthouse in Williamston, North Carolina, within 30 days after the 16th day of June, 1944, and answer or demur to the complaint in said action, or the plaintiff will apply to the court for the relief demanded in the complaint," and (4) that the manager of The Enterprise, a newspaper published in Martin County and State of North Carolina, made affidavit that the said notice of the action "was duly published in the aforesaid paper once a week for four weeks, beginning with the issue dated the 16th day of June, 1944."
The record further discloses that, after defendant had filed her motion as aforesaid, the Clerk of Superior Court, upon motion of executor of plaintiff, finding these facts (a) that the court actually delivered the notice of summons to "The Enterprise for publication," (b) that upon the instruction of the court the same was duly and regularly published for four successive weeks in The Enterprise, and (c) that affidavit of publication was duly filed by The Enterprise showing the publication thereof, entered an order on 19 November, 1945, amending the original order, nunc pro tunc, directing that summons be served on defendant by publication, and "to that end that notice of this action be published once a week for four successive weeks in The Enterprise, a newspaper published in Martin County, Town of Williamston, North Carolina, setting forth the title of the action, the purpose of the same, and requiring the defendant to appear," etc., substantially as set forth in the original notice.
Thereafter, on hearing of defendant's motion in Superior Court, upon the record and affidavits filed, the judge presiding found in substance these facts:
That plaintiff and defendant were married in June, 1932; that plaintiff commenced this action for divorce in the Superior Court of Martin County on 14 June, 1944; that at the time of the commencement of the action plaintiff and defendant had lived separate and apart for more than two years within the meaning of the statute which makes two years' separation a ground for absolute divorce and the allegations of plaintiff's complaint and affidavit were not false and fraudulent; that at that time plaintiff was a resident of Hertford County, North Carolina, and the defendant was a nonresident of the State; that plaintiff brought this action in Martin County upon advice of counsel for the purpose of expediting the trial and not for the purpose of preventing defendant from discovering same; that the clerk's order for the publication of summons did not designate the newspaper in which the notice of summons was to be published but that said clerk personally took said notice *Page 509 
to the publishers of The Enterprise, one of two newspapers published in Martin County, and directed that the same be published in said newspaper and same was published therein once a week for four successive weeks, and "subsequently the clerk amended the order of publication so that it would direct the doing of that which had already been done"; that at September, 1944, Term of Martin Superior Court issues were submitted to a jury and upon the verdict rendered a decree of absolute divorce was entered by the presiding judge; and that plaintiff, having died on 25 February, 1945, his executors have responded to defendant's motion which was filed 29 September, 1945. Thereupon, on these facts, the court denied defendant's motion to set aside the judgment of divorce, and in accordance therewith entered judgment.
Defendant appeals therefrom to Supreme Court and assigns error.
The only exception brought forward on this appeal is to the signing of the judgment from which appeal is taken. This presents only the face of the record for inspection or review, and when the judgment is supported by the record the exception must fail. See King v. Rudd, ante, 156,37 S.E.2d 116, citing among others Rader v. Coach Co., 225 N.C. 537,35 S.E.2d 609. See also Fox v. Mills, Inc., 225 N.C. 580, 35 S.E.2d 869; Leev. Board of Adjustment, ante, 107, 37 S.E.2d 127; Redwine v.Clodfelter, ante, 366, 38 S.E.2d 203; In re Collins, ante, 412,38 S.E.2d 160.
Applying this rule of law to the present appeal, upon the facts found, which are supported by the record, the exception must fail, and the judgment be upheld.
The provision of the statute, G.S., 50-3, that in all proceedings for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides, is not jurisdictional, but relates to venue, and may be waived. If an action for divorce be instituted in any other county in the State, the action may be tried therein, unless the defendant before the time of answering expires demands in writing that the trial be had in the proper county. See Davis v. Davis, 179 N.C. 185,102 S.E. 270.
Also, there is no specific requirement of the statute, G.S., 1-99, that an order for the publication of notice of summons state that the newspaper in which the publication is ordered to be printed is the one "most likely to give notice to the person to be served." Moreover, an order for publication of notice of summons being made by a court of record there is a presumption in favor of the rightfulness of its decrees, and it will be presumed that the statutory findings and determination had been *Page 510 
made without specific adjudication in the order to that effect. See headnote in Elias v. Comrs. of Buncombe, 198 N.C. 733, 153 S.E. 323.
Furthermore, the court had the power to allow the amendment nunc protunc to the original order for publication of the summons so as to "direct the doing of that which had already been done," that is, to conform with the facts as to what had been done. See the statute, G.S., 1-163, relating to amendments in discretion of court.
Affirmed.