McLEAN v. McLEAN.

Reversed.

---

ALBERT E. McLEAN v. RUTH STUDTMAN McLEAN.

(Filed 2 February, 1951.)

1. **Courts § 11: Divorce § 3—**

   The general county court of Alamance County is given jurisdiction by statute of actions for divorce.

2. **Courts § 4b—**

   The jurisdiction of the Superior Court upon appeal from a general county court is limited to rulings on exceptions duly noted and brought forward, and the Superior Court is without authority to make additional findings of fact.

3. **Same—**

   The findings of fact made by a general county court upon the hearing of a motion are conclusive on the Superior Court upon appeal and on the

Supreme Court upon further appeal when the findings are supported by evidence.

**4. Divorce § 22: Judgments § 27g—**

The statutory right of a nonresident against whom judgment has been rendered on substituted service to come in and defend at any time within five years, does not apply to actions for divorce. G.S. 1-108.

**5. Divorce § 22: Constitutional Law § 21: Courts § 2½—**

The courts of this State have jurisdiction to alter the marriage status of a resident of this State even though the other spouse be a nonresident provided the form and nature of the substituted service on the nonresident meet the requirements of due process of law.

**6. Judgments §§ 18, 27b—**

If a fraud is perpetrated on the court whereby jurisdiction is apparently acquired when jurisdiction is in fact lacking, the court's judgment is a nullity and may be vacated on motion in the cause.

**7. Same: Divorce § 22—Divorce decree rendered on substituted service held nullity for fraud upon jurisdiction.**

It appeared that plaintiff instituted action for divorce in a county of this State in which he resided, notifying the nonresident defendant by mail, and that when defendant appeared with counsel to defend he took a nonsuit. It further appeared that thereafter, with full knowledge of defendant's whereabouts, he instituted a second divorce action in another county of the State without attempting to obtain personal service, procured service by publication in a weekly newspaper of limited circulation, and obtained decree of divorce without her knowledge. *Held:* The facts compel the conclusion that plaintiff perpetrated a fraud upon the jurisdiction of the court, and defendant's motion in the cause to set aside the decree should have been granted. Whether the evidence was sufficient to show that plaintiff, a soldier on active duty, acquired a domicile in this State, *quære?*

**8. Divorce § 22: Constitutional Law § 21—**

It is required that an adjudication affecting the marital status and finally determining personal and property obligations of the parties shall be preceded by notice and an opportunity to be heard. Constitution of N. C., Art. I, Sec. 17. 14th Amendment to the Constitution of the U. S.

**9. Process § 6—**

The order of service of summons by publication in this case *held* to conform to the statutory requirements. G.S. 1-99.

Appeal by plaintiff from *Harris, J.*, April Term, 1950, of Alamance. Affirmed.

Motion by defendant to set aside a divorce decree rendered in the General County Court of Alamance County, heard on appeal in the Superior Court.

The defendant supported her motion, filed February, 1949, by affidavit alleging that plaintiff and defendant, then residents of Chicago, Illinois, were married in 1933, and continued to live there as husband and wife until 1942 when plaintiff was drafted into the United States Army. Thereafter in 1946 plaintiff re-enlisted in the United States Air Force and since has continued to serve as a professional soldier moving from place to place as ordered, and that for this reason plaintiff and defendant did not maintain a residence together. Defendant continued to live in Chicago though she visited her husband once in Atlantic City where he was stationed, and he visited her in Chicago. In 1944 plaintiff went overseas, and upon his return in September, 1945, he went to Chicago and told defendant that as soon as he had a permanent assignment he would send for her, but subsequently he returned to Chicago and told her he had found a state where he could obtain a divorce after two years' separation. Thereafter he refused to take defendant with him or to provide her a place to live, though allotment continued to be regularly made to her from his pay. Plaintiff served at different stations according to military assignment. In April, 1946, he was in Greensboro and from September, 1946, to May, 1947, was at Camp Kilmer in New Jersey, and was thereafter transferred to Durham, North Carolina. 18 July, 1946, plaintiff instituted action for divorce in the Superior Court of Guilford County. Notice of suit was mailed by plaintiff to the defendant in Chicago, and she appeared in Guilford Court in person and with attorney, and indicated her intention of defending the action, expressing her willingness to resume marital association. No further proceedings were had and 19 August, 1946, plaintiff took a nonsuit in that action. Thereafter, 24 September, 1947, plaintiff instituted this action in the County Court of Alamance County. No notice was given the defendant and she had no knowledge of the action until May, 1948, when she received notice from United States Government that her allotment from plaintiff's pay had been terminated. She alleged plaintiff was not a legal resident of North Carolina; that there had been no permanent or complete separation between the parties for two years; that notice of summons was published in the *Alamance Gleaner,* a weekly newspaper published in Alamance County with a circulation according to the affidavit of the printer of five hundred copies, only three of which went to Chicago and only one to a subscriber there; that the publication of summons was not made in a newspaper designated as most likely to give notice to the defendant, and plaintiff having previously instituted action in Guilford Superior Court, defendant had no reason to believe or expect an action for divorce would be brought in the County Court of Alamance; that plaintiff had personal knowledge of her address in Chicago, and concealed that fact from the court for the purpose of perpetrating a fraud upon the court. She asked that the judgment be set aside.

The adverse examination of the plaintiff, taken in an independent action between the parties, was by consent admitted in evidence. From this it appears that plaintiff at the time he re-enlisted in January, 1946, was permitted choice of station and chose Greensboro, North Carolina; that thereafter though transferred temporarily to other stations in and out of the State, he regarded Greensboro in Guilford County as his place of residence, where he kept his personal belongings; that he registered and voted there in 1946 and again in 1947; that he paid personal property taxes there and had North Carolina license plates attached to his automobile. He further testified that since shortly after his marriage he had not lived with defendant as husband and wife.

The Judge of the County Court in ruling on defendant's motion found that the summons in the divorce action was issued out of that Court 24 September, 1947, and complaint filed alleging that plaintiff and defendant had not lived together as husband and wife since 11 October, 1944; that upon plaintiff's affidavit that defendant could not after due diligence be found in the State of North Carolina publication of notice of summons was ordered to be made in the *Alamance Gleaner,* a newspaper published in Alamance County; that publication was duly made; that plaintiff had resided in the state more than six months prior to the institution of the action; that defendant was and is a resident of Illinois; that prior to this action, plaintiff had instituted an action for divorce in Guilford County, and subsequently submitted to voluntary nonsuit; that the *Alamance Gleaner* was a weekly newspaper of limited circulation published in Alamance County; that the action was tried in the County Court 16 December, 1947, and on oral testimony verdict was returned and judgment thereon entered dissolving the bonds of matrimony between the parties. The Judge of the County Court concluded that that court had acquired jurisdiction of the action; that service of summons was effected by publication as shown in the evidence; that the proceedings were regular and the judgment duly and properly entered. Defendant's motion to set aside the judgment was denied. Defendant excepted and appealed to the Superior Court, assigning errors.

Defendant excepted to the failure of the County Judge to find and set out the facts as shown in evidence that plaintiff had given defendant notice by mail of the prior action in Guilford, and that when defendant appeared and indicated purpose to contest the action plaintiff took a nonsuit. Defendant also excepted to the failure of the County Judge to find the facts as to the circulation of the *Alamance Gleaner* as shown by the publisher's affidavit. Defendant also excepted to each and all of the findings, and to the conclusions of law of the County Judge.

In the Superior Court the exceptions to the failure of the County Judge to set out the facts as to the prior action and as to the circulation

of the newspaper in which notice of summons was published were sustained as being supported by the uncontradicted evidence. The defendant's exception to the finding that plaintiff was a resident of North Carolina was also sustained. The court expressed the opinion that the affidavit attached to plaintiff's complaint was defective, and that the order of publication did not comply with the statute. The defendant's exceptions to the conclusions of law set out in the order of the Judge of the County Court were sustained, the Court being of opinion that the judgment was void.

Whereupon the order of the Judge of the County Court denying defendant's motion was reversed and the cause remanded to the County Court, with leave to the defendant to answer.

Plaintiff excepted and appealed.

*Young, Young & Gordon and Dameron & Dameron for plaintiff, appellant.*

*Anthony M. Anzalone and W. R. Dalton, Jr., for defendant, appellee.*

Devin, J. At the outset we note that the action was instituted in the General County Court of Alamance County, and that jurisdiction to try and determine divorce actions was conferred on that court by statute, and, further, that appeals from that court to the Superior Court are upon exceptions duly noted and assigned as error, and that the power of the Judge hearing the case on appeal is limited to ruling on the exceptions brought forward. Exercising only appellate jurisdiction, he is without authority to make additional findings of fact as the basis of judgment. G.S. 7-279; *Jenkins v. Castelloe,* 208 N.C. 406, 181 S.E. 266; *Starnes v. Tyson,* 226 N.C. 395, 38 S.E. 2d 211.

In the complaint two years' separation was alleged as grounds for divorce. G.S. 50-6. *Byers v. Byers,* 222 N.C. 298, 22 S.E. 2d 902; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492. In defendant's absence judgment was rendered in the County Court dissolving the bonds of matrimony between the parties for the reasons alleged. When the defendant learned of this result she sought relief by a motion in the cause that the judgment be vacated. She based her motion on the ground that plaintiff had not been a resident of North Carolina for six months preceding the institution of his action; that the service of summons by publication was inadequate and not made in a manner likely to give notice to the defendant; that the method employed by the plaintiff for obtaining substituted service under the circumstances here described constituted a fraud upon the court; that the absence of notice and opportunity to defend had resulted in the deprivation of personal and property rights of the defendant without due process of law.

McLean v. McLean.

In the hearing on defendant's motion in the County Court, the Judge of that court found that plaintiff was a resident of North Carolina and concluded that the service of summons on the defendant was effected by the publication in the local newspaper, and that the County Court had properly acquired jurisdiction to hear and determine the action and to render judgment dissolving the marriage tie. Upon this conclusion from the facts in evidence, the Judge denied defendant's motion to set aside the judgment, and the defendant appealed to the Superior Court assigning the ruling and order of the court as error.

We note that Judge Harris in the Superior Court was of opinion that the affidavit attached to the complaint was fatally defective, but this conclusion is not borne out by the record. The court also concluded that the order of publication was inadequate, but we perceive no substantial failure to conform to the statute in this respect. G.S. 1-99; *Scott & Co. v. Jones*, 230 N.C. 74, 52 S.E. 2d 219; *Simmons v. Simmons*, 228 N.C. 233, 45 S.E. 2d 124.

The Judge of the County Court found from the evidence offered that the plaintiff had been a resident of North Carolina for a sufficient length of time to entitle him to maintain in that court an action for divorce under the statute. Though the Superior Court on appeal sustained defendant's exception thereto, the finding of the trial judge must be held conclusive and binding on the Superior Court and on this Court if there be evidence to support the finding. *Bryant v. Bryant*, 228 N.C. 287, 45 S.E. 2d 572. The defendant, however, with some reason contends that the plaintiff admittedly was a professional soldier, at all times under military orders, and that his sojourn in North Carolina was subject to transfer, and lacked that degree of permanence sufficient to afford evidence of the acquisition of domicile. 106 A.L.R. 32 (note); 17 A.J. 287. It is argued that evidence of the *animus manendi* is insufficient (*Owens v. Chaplin*, 228 N.C. 705, 47 S.E. 2d 12; *S. v. Williams*, 224 N.C. 183, 29 S.E. 2d 744; *Reynolds v. Cotton Mills*, 177 N.C. 412, 99 S.E. 240), and that the place in which the plaintiff was a resident at the time of his induction into the Armed Forces would continue to be his legal domicile while in the service. *Hiles v. Hiles*, 164 Va. 131; 106 A.L.R. 1. But conceding that there may be some evidence in the record to take this case out of the rule and to show that the plaintiff's physical presence in this jurisdiction was accompanied by such acts and definite expressions of intention and purpose to remain indefinitely as to support the County Court's findings, *Bryant v. Bryant, supra*, we think the ruling of Judge Harris in the Superior Court should be upheld upon another ground.

The exception to the conclusions of law of the County Judge in denying defendant's motion and the ruling thereon in the Superior Court sustaining the exceptions squarely present the question of the integrity of

the divorce decree procured by plaintiff in the County Court upon substituted service by publication in the manner and by the means here shown.

It may be observed that the statute (G.S. 1-108), which permits a nonresident against whom judgment has been rendered on substituted service to come in and defend at any time within five years, does not apply to actions for divorce. While a suit for divorce is not strictly an action *in rem,* yet it differs in some respects from an action *in personam.* It involves the marital status of two persons, and the domicile of one of the parties in the State creates a relationship to the State adequate for the exercise of the State's power to alter the marriage status of the resident though the other spouse be a nonresident, and there is no constitutional barrier if the form and nature of the substituted service meet the requirements of due process of law. *Williams v. North Carolina,* 317 U.S. 287; *Williams v. North Carolina,* 325 U.S. 226.

The defendant presents the view that not only was the service in this case invalid because not reasonably calculated to give notice (*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865), but that the plaintiff's attempt to secure a divorce decree by the means employed was a fraud upon the court. The rule is that if a fraud is perpetrated on the court whereby jurisdiction is apparently acquired when jurisdiction is in fact lacking, the judgment rendered thereon is a nullity and may be vacated on motion in the cause. *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315; *Hatley v. Hatley,* 202 N.C. 577, 163 S.E. 593; *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154; *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227. Here the fact of the plaintiff's knowledge of the residence and post office address of the defendant in the city where he had lived with her as his wife and where she has continued to live, and his apparently purposeful failure so to advise the court when he prayed for service of summons by publication in a local newspaper of limited circulation, together with his knowledge that defendant had employed counsel and was prepared to and would defend the action if by any means she had notice, compels the necessary inference that plaintiff had contrived to conceal his action from the defendant and the facts from the court, and to prevent defendant from appearing and defending the suit, thus constituting a fraud upon the court. *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315; *Poole v. Poole,* 210 N.C. 536, 187 S.E. 777; *S. v. Williams,* 224 N.C. 183, 29 S.E. 2d 744; *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154. See also G.S. 1-104.

The mere fact of instituting suit for divorce in a county other than that of plaintiff's residence would not be regarded as affecting the jurisdiction of the court over the action on proper service, but rather as affecting only the question of venue. *Davis v. Davis,* 179 N.C. 185, 102 S.E. 270; *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391. But where the

plaintiff, as here, institutes an action in the county in which he is resid-ing, notifies the nonresident defendant by mail and when she appears with counsel to defend takes a nonsuit, and then with full knowledge of her whereabouts has another summons issued in a court of limited juris-diction in another county, and, without attempting to obtain personal service, procures service by publication in a weekly newspaper of limited circulation, and, without other notice, has divorce decree entered, the conclusion seems inevitable that plaintiff was seeking to obtain a divorce from his wife without her knowledge and to deprive her of her right to support and to marital association by a fraudulent imposition upon the court. *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154. The facts in this case seem to evince a purpose on the part of plaintiff to arrange the outward forms of substituted service and regularity of procedure, but in such a way that by no reasonable probability could defendant obtain notice or knowledge of his suit for divorce until after the decree had been entered. The form may not be exalted over the substance.

The defendant also asserts as reason for vacating the judgment of the County Court that she has thereby been deprived of personal and property rights without due process of law. We do not reach that question, but it may be observed that under the provisions of the Constitution of North Carolina, Art. I, sec. 17, that no person be deprived of property "but by the law of the land," as well as under the parallel provisions of the 14th Amendment to the Constitution of the United States, it is required that an adjudication affecting the marital status and finally determining personal and property obligations shall be preceded by notice and oppor-tunity to be heard. *Markham v. Carver,* 188 N.C. 615, 125 S.E. 409; *Bowie v. West Jefferson,* 231 N.C. 408, 57 S.E. 2d 369; *Truax v. Cor-rigan,* 257 U.S. 312. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306.

The plaintiff points to the language in the judgment of Judge Harris that defendant's exceptions "based on the choice of a newspaper for publi-cation are not well taken," and contends this expression should be inter-preted as overruling defendant's exception to the adequacy of the publica-tion, but in view of the court's ruling sustaining all defendant's excep-tions to the findings and conclusions of the County Judge, we do not think the expression quoted should be given significance. *Elias v. Commission-ers of Buncombe County,* 198 N.C. 733, 153 S.E. 323.

For the reasons stated, the judgment of the Superior Court is
Affirmed.