63 S.E.2d 138 (1951)
233 N.C. 139
McLEAN
v.
McLEAN.
No. 744.
Supreme Court of North Carolina.
February 2, 1951.
*141 Young, Young & Gordon and Dameron & Dameron all of Burlington, for plaintiff appellant.
Anthony M. Anzalone, Chicago, Ill., W. R. Dalton, Jr., Burlington, for defendant appellee.
DEVIN, Justice.
At the outset we note that the action was instituted in the General County Court of Alamance County, and that jurisdiction to try and determine divorce actions was conferred on that Court by statute, and, further, that appeals from that Court to the Superior Court are upon exceptions duly noted and assigned as error, and that the power of the Judge hearing the case on appeal is limited to ruling on the exceptions brought forward. Exercising only appellate jurisdiction, he is without authority to make additional findings of fact as the basis of judgment. G.S. § 7-279; Jenkins v. Castelloe, 208 N.C. 406, 181 S.E. 266; Starnes v. Tyson, 226 N.C. 395, 38 S.E.2d 211.
In the complaint two years' separation was alleged as grounds for divorce. G.S. § 50-6. Byers v. Byers, 222 N.C. 298, 22 S.E.2d 902; Taylor v. Taylor, 225 N.C. 80, 33 S.E.2d 492. In defendant's absence judgment was rendered in the County Court dissolving the bonds of matrimony between the parties for the reasons alleged. When the defendant learned of this result she sought relief by a motion in the cause that the judgment be vacated. She based her motion on the ground that plaintiff had not been a resident of North Carolina for six months preceding the institution of his action; that the service of summons by publication was inadequate and not made in a manner likely to give notice to the defendant; that the method employed by the plaintiff for obtaining substituted service under the circumstances here described constituted a fraud upon the court; that the absence of notice and opportunity to defend had resulted in the deprivation of *142 personal and property rights of the defendant without due process of law.
In the hearing on defendant's motion in the County Court, the Judge of that Court found that plaintiff was a resident of North Carolina and concluded that the service of summons on the defendant was effected by the publication in the local newspaper, and that the County Court had properly acquired jurisdiction to hear and determine the action and to render judgment dissolving the marriage tie. Upon this conclusion from the facts in evidence, the Judge denied defendant's motion to set aside the judgment, and the defendant appealed to the Superior Court assigning the ruling and order of the court as error.
We note that Judge Harris in the Superior Court was of opinion that the affidavit attached to the complaint was fatally defective, but this conclusion is not borne out by the record. The Court also concluded that the order of publication was inadequate, but we perceive no substantial failure to conform to the statute in this respect. G.S. § 1-99; Scott & Co. v. Jones, 230 N.C. 74, 52 S.E.2d 219; Simmons v. Simmons, 228 N.C. 233, 45 S.E.2d 124.
The Judge of the County Court found from the evidence offered that the plaintiff had been a resident of North Carolina for a sufficient length of time to entitle him to maintain in that Court an action for divorce under the statute. Though the Superior Court on appeal sustained defendant's exception thereto, the finding of the trial judge must be held conclusive and binding on the Superior Court and on this Court if there be evidence to support the finding. Bryant v. Bryant, 228 N.C. 287, 45 S.E.2d 572. The defendant, however, with some reason contends that the plaintiff admittedly was a professional soldier, at all times under military orders, and that his sojourn in North Carolina was subject to transfer, and lacked that degree of permanence sufficient to afford evidence of the acquisition of domicile. 106 A.L.R. 32(note); 17 A.J. 287. It is argued that evidence of the animus manendi is insufficient, Owens v. Chaplin, 228 N.C. 705, 47 S.E.2d 12; State v. Williams, 224 N.C. 183, 29 S.E.2d 744; Reynolds v. Lloyd Cotton Mills, 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284, and that the place in which the plaintiff was a resident at the time of his induction into the Armed Forces would continue to be his legal domicile while in the service. Hiles v. Hiles, 164 Va. 131, 178 S.E. 913, 106 A.L.R. 1. But conceding that there may be some evidence in the record to take this case out of the rule and to show that the plaintiff's physical presence in this jurisdiction was accompanied by such acts and definite expressions of intention and purpose to remain indefinitely as to support the County Court's findings, Bryant v. Bryant, supra, we think the ruling of Judge Harris in the Superior Court should be upheld upon another ground.
The exception to the conclusions of law of the County Judge in denying defendant's motion and the ruling thereon in the Superior Court sustaining the exceptions squarely present the question of the integrity of the divorce decree procured by plaintiff in the County Court upon substituted service by publication in the manner and by the means here shown.
It may be observed that the statute, G.S. § 1-108, which permits a non-resident against whom judgment has been rendered on substituted service to come in and defend at any time within five years, does not apply to actions for divorce. While a suit for divorce is not strictly an action in rem, yet it differs in some respects from an action in personam. It involves the marital status of two persons, and the domicile of one of the parties in the state creates a relationship to the state adequate for the exercise of the state's power to alter the marriage status of the resident though the other spouse be a non-resident, and there is no constitutional barrier if the form and nature of the substituted service meet the requirements of due process of law. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.
The defendant presents the view that not only was the service in this case invalid because not reasonably calculated *143 to give notice, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, but that the plaintiff's attempt to secure a divorce decree by the means employed was a fraud upon the court. The rule is that if a fraud is perpetrated on the court whereby jurisdiction is apparently acquired when jurisdiction is in fact lacking, the judgment rendered thereon is a nullity and may be vacated on motion in the cause. Fowler v. Fowler, 190 N.C. 536, 130 S.E. 315; Hatley v. Hatley, 202 N.C. 577, 163 S.E. 593; Young v. Young, 225 N.C. 340, 34 S.E.2d 154; Henderson v. Henderson, 232 N.C. 1, 59 S. E.2d 227. Here the fact of the plaintiff's knowledge of the residence and post office address of the defendant in the city where he had lived with her as his wife and where she has continued to live, and his apparently purposeful failure so to advise the Court when he prayed for service of summons by publication in a local newspaper of limited circulation, together with his knowledge that defendant had employed counsel and was prepared to and would defend the action if by any means she had notice, compels the necessary inference that plaintiff had contrived to conceal his action from the defendant and the facts from the Court, and to prevent defendant from appearing and defending the suit, thus constituting a fraud upon the Court. Fowler v. Fowler, 190 N.C. 536, 130 S.E. 315; Poole v. Poole, 210 N.C. 536, 187 S.E. 777; State v. Williams, 224 N.C. 183, 29 S.E.2d 744; Young v. Young, 225 N.C. 340, 34 S.E.2d 154. See also G.S. § 1-104.
The mere fact of instituting suit for divorce in a county other than that of plaintiff's residence would not be regarded as affecting the jurisdiction of the court over the action on proper service, but rather as affecting only the question of venue. Davis v. Davis, 179 N.C. 185, 102 S.E. 270; Smith v. Smith, 226 N.C. 506, 39 S.E. 2d 391. But where the plaintiff as here institutes an action in the county in which he is residing, notifies the non-resident defendant by mail and when she appears with counsel to defend takes a nonsuit, and then with full knowledge of her whereabouts has another summons issued in a court of limited jurisdiction in another county, and, without attempting to obtain personal service, procures service by publication in a weekly newspaper of limited circulation, and, without other notice, has divorce decree entered, the conclusion seems inevitable that plaintiff was seeking to obtain a divorce from his wife without her knowledge and to deprive her of her right to support and to marital association by a fraudulent imposition upon the Court. Young v. Young, 225 N.C. 340, 34 S.E.2d 154. The facts in this case seem to evince a purpose on the part of plaintiff to arrange the outward forms of substituted service and regularity of procedure, but in such a way that by no reasonable probability could defendant obtain notice or knowledge of his suit for divorce until after the decree had been entered. The form may not be exalted over the substance.
The defendant also asserts as reason for vacating the judgment of the County Court that she has thereby been deprived of personal and property rights without due process of law. We do not reach that question, but it may be observed that under the provisions of the Constitution of North Carolina Art. I, sec. 17, that no person be deprived of property "but by the law of the land", as well as under the parallel provisions of the 14th Amendment to the Constitution of the United States, it is required that an adjudication affecting the marital status and finally determining personal and property obligations shall be preceded by notice and opportunity to be heard. Markham v. Carver, 188 N.C. 615, 125 S.E. 409; Bowie v. West Jefferson, 231 N.C. 408, 57 S.E.2d 369; Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 657.
The plaintiff points to the language in the judgment of Judge Harris *144 that defendant's exceptions "based on the choice of a newspaper for publication are not well taken," and contends this expression should be interpreted as overruling defendant's exception to the adequacy of the publication, but in view of the court's ruling sustaining all defendant's exceptions to the findings and conclusions of the County Judge, we do not think the expression quoted should be given significance. Elias v. Board of Commissioners of Buncombe Co., 198 N.C. 733, 153 S.E. 323.
For the reasons stated the judgment of the Superior Court is affirmed.